[No. 31586. Department Two. February 23, 1951.]

BETTY ANN ARNESON, *Appellant*, v. EDWIN OLAUS ARNESON, *Respondent*.[1]

*W. L. Delbridge*, for appellant.

*Eli M. Paulson*, for respondent.

MALLERY, J.—Because of the state of the record in this case, we can pass only upon the question of the jurisdiction of the court to enter the judgment herein. The part objected to reads as follows:

[1] Reported in 227 P. (2d) 1016.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the following real estate situate in King County, State of Washington, to-wit:

"Lots 7 and 8, Block 39, Burns & Atkinson's Addition, be and hereby is awarded to the defendant for the following *purposes,* that is to say: that the defendant be and hereby is ordered and directed to sell the said property and *the proceeds from said sale are to be used as follows*: for the payment of taxes that are liens against said property; for the payment of the Mortgage with which said property is encumbered, together with interest; for the payment of the attorneys' fees which are hereby made liens against said property as hereinabove more specifically stated; for the payment of all other encumbrances against the property; for the payment of costs of sale including title insurance, revenue stamps, real estate commission, and all other expenses incidental to such sale, including expenditures which are deemed necessary in order to place said premises in a salable condition; that the balance of the proceeds of said sale is to be pro-rated and applied on the payment of the claims of the creditors of the plaintiff and the defendant according to the amount of their respective claims; that a full and complete accounting shall be made by the defendant relative to the disposal of said property, the payment of encumbrances and the payment of debts." (Italics ours.)

The stated purpose of the above is to require a prorated payment of debts from the proceeds of the sale of the property, and to account for the execution of the decree to the court. It contemplates a forced liquidation for the benefit of creditors and prohibits preferment among them. Nothing will remain to be divided between the parties.

Divorce, probate, bankruptcy, receiverships, and assignments for the benefit of creditors are statutory proceedings, and the jurisdiction and authority of the courts are prescribed by the applicable legislative enactment. In them the court does not have any power that can not be inferred from a broad interpretation *of the act in question.* The powers of the court in probate and receiverships can not be imported into the divorce act. Whether or not the court exceeded its jurisdiction in the case at bar, must be determined from the language of the divorce act of 1949.

■ Nowhere in the act is the court empowered to exercise the prerogatives peculiar to other statutory proceedings. One ready test of a proper limitation on the jurisdiction of the court, in a given case, can be applied by determining who are the necessary and/or proper parties to the action.

The spouses are made parties to a divorce action by due process, and the state is made one by statute. The children are not parties, but, as a subject of the action, they have been made the chief concern of both the legislature and the courts. Other persons can not be made parties to the action by any statutory form of notice, nor can they intervene therein. It would appear elementary, then, that there is no due process of law in a divorce action as to the rights of creditors of the spouses. The judgment can neither conclusively determine their rights nor be made available on their behalf as a basis for any of the provisional remedies.

■ Since the divorce act nowhere provides for it, the court has no power to compel a liquidation for the benefit of creditors as an incident to a divorce decree. Nor can any of the statutory proceedings, having that as its purpose, be consolidated with a divorce action for trial. Nothing can be found in the divorce act authorizing the court to deprive the spouses of their rights to prefer creditors, claim exemptions and/or homesteads, compromise claims, take bankruptcy, invoke statutes of limitation, make contracts, and enjoy their property rights. Their several interests in the property are, of course, determined, *as between themselves*, by the decree, and are subject to the burdens imposed upon them therein for purposes within the scope of the divorce act. As to the common-law rules of jurisdiction, we know of none which empowers the court to encroach upon civil rights simply because persons are parties to a divorce action.

From a perspective of the case beyond the jurisdiction of the court, we now shift to one within it.

This court, by its former decisions, is committed to the propositions: (1) that the court has the power, in determining the property available for division between the

spouses, to have recourse to that logically necessary technique of the accountant who balances liabilities against assets to find net worth, *Anderson v. Anderson*, 31 Wn. (2d) 197, 195 P. (2d) 986; (2) that the court, with a view to the position in which the parties will be left, can apply some of the property to the placing of other property beyond the reach of creditors whose claims have not yet matured (as in the payment of a mortgage on a house given to a wife as a home for the children), *Murray v. Murray*, 26 Wn. (2d) 370, 174 P. (2d) 296; (3) that the court can, *as between the parties*, saddle the liabilities of the parties upon one of them as a compensating element to facilitate the division of the values in unit-type property, *Swanson v. Swanson*, 29 Wn. (2d) 550, 188 P. (2d) 116; (4) that the court has practically unlimited power over the property, when exercised with reference *to the rights of the parties and their children.* Where the power exercised by the court was reasonably within this perspective, we have upheld directions in the decree for the payment of creditors as being incidental to the property rights of the parties as between themselves.

We have not set out any of the language of these cases for the reason that an abstract and critical analysis of the words used will not reach back to the perspective which focuses their proper implications within the area of the relationships between the parties which was contemplated by the divorce act.

Wherever we have felt the result of the decree was reasonably incident to the division of the property, *as between the parties*, we have looked through the form of the words used, treating as surplusage language not literally enforcible as to third parties, and have sustained the trial court. The trial court needs broad powers to meet the infinite variety of factual situations presented to it. Ordinarily, a review to reach an abuse of discretion is the proper remedy, rather than a challenge to the court's jurisdiction.

■ Nevertheless, when the ultimate purpose of the decree, regardless of the form of words used in the property provisions thereof, is not related or incident to the rights of

the parties between themselves, or to burdens imposed upon property on behalf of the children, the court must be held to have acted outside the scope of the divorce act and hence without jurisdiction.

In this case, we are able to say that the purpose of requiring an accounting as to the payment of creditors, without preference of debts not due and with no balance left for division, is compatible only with a liquidation proceeding and is not incident to any purpose within the scope of the divorce act. The court, therefore, acted in excess of its jurisdiction.

The decree is reversed, and the cause is remanded to the trial court for the entry of a decree not in conflict herewith, pursuant to such further proceedings as the court may deem necessary or advisable.

SCHWELLENBACH, C. J., ROBINSON, GRADY, and HAMLEY, JJ., concur.