[No. 40552.    Department One.    July 24, 1969.]

*In the Matter of the Adoption of* Infant Parsons.
Merle Lee Pitcher, *Appellant,* v. Claris Ed Stout *et al.,*
*Respondents.**

*Seeber & Shannon,* for appellants.

*Lynch & Lynch,* for respondents.

Donworth, J.†—This appeal arises out of a judgment in an adoption proceeding wherein Mr. and Mrs. S. petitioned to adopt a female infant who was born out of wedlock on September 28, 1967.

Prior to the birth of the infant the state, on behalf of the natural mother as complaining witness, instituted a filiation proceeding against the natural father (appellant) pursuant to the provisions of RCW 26.24. On March 24,

*Reported in 457 P.2d 544.

---

†Justice Donworth is serving as a justice pro tempore of the Supreme Court pursuant to Const. art. 4, § 2(a) (amendment 38).

1967, the trial court entered findings of fact, conclusions of law, and a judgment in the proceeding. Therein, the trial court determined that appellant was the natural father of the infant to be born to the complaining witness and that the infant had been conceived in January of 1967. The decree ordered appellant to pay the hospital and medical expenses of the natural mother as related to the birth of the infant, and to pay $50 per month after the infant's birth for the child's care, maintenance, support, and education until the child reached age 16, provided that the child would bear the surname of appellant. Further, the trial court decreed that custody of the child, when born, would be placed in the natural mother who was a minor.

On September 20, 1967, 8 days prior to the birth of the infant, appellant's attorney prepared an amended judgment in the filiation proceeding, which was entered by the trial court with the consent of the Prosecuting Attorney for Thurston County. This amended judgment was entered without notice or disclosure to the natural mother or anyone designated to act for her in a legal capacity. The principal amendment to the judgment, originally issued on March 27, 1967, which is the subject of this controversy, reads in part as follows:

[T]hat said minor child hereinafter to be born to . . . [natural mother] shall not be adopted by any person or persons whomsoever without the full knowledge and writing consent of the defendant ... [appellant].

The infant was born on September 28, 1967. Subsequently, on September 30, 1967, a petition for adoption was presented to the trial court by petitioners, Mr. and Mrs. S. The petition alleged that the natural mother had consented in writing to the adoption of the infant by petitioners. The petition also asked that the mother of the natural mother be appointed as guardian ad litem pursuant to the provisions of RCW 26.32.070.

On December 28, 1967 an amended petition for adoption was filed in the trial court alleging that the natural mother had previously consented to the adoption of the child in writing, and the mother of the natural mother had been

appointed as guardian ad litem and had made a written report recommending adoption. The amended petition also stated that the natural mother had withdrawn her consent to the adoption on December 20, 1967.

The amended petition was answered by appellant on January 8, 1968. In his answer, appellant set up the amended judgment entered in the filiation proceeding and alleged that he had not consented to the adoption prayed for in the amended petition, and did not intend to consent to it. Additionally, appellant prayed that the amended petition for adoption be dismissed and that the infant child be returned to the natural mother.

On March 27, 1968, the Superior Court for Thurston County conducted a hearing to determine the validity of that part of the amended judgment in the filiation proceeding above quoted. As a result of the hearing in the adoption proceeding to determine the status of appellant, the trial court, on May 31, 1968, entered findings of fact, conclusions of law, and a judgment to the effect that the reservation of consent in appellant to future adoption proceedings involving the infant was beyond the provisions of RCW 26.24; that the order was improper and exceeded the authority of the trial court; that it was issued without knowledge or consent of the natural mother; and that, therefore, no consent was required from appellant in order to effect the infant's adoption.[1]

This appeal arises from the aforementioned hearing in the adoption proceeding in which the trial court determined that appellant's consent was not necessary to effect an order of adoption involving the infant. Appellant sets forth four assignments of error which specifically challenge the conclusions of law entered in the March 27, 1968 hearing. The main issue presented by these assignments is whether the trial court had jurisdiction to enter the disputed amended order in the filiation proceeding. If it did not, then there is no merit in any of the assignments of error asserted by appellant.

---

[1]The filiation proceeding and the hearing in the adoption proceeding were not before the same trial judge.

The procedure governing filiation proceedings is outlined specifically in RCW 26.24. Adoptions are governed by the statutory provisions contained in RCW 26.32.

Under the provisions of RCW 26.24, filiation actions are initiated by a complaint filed by an unmarried woman in a justice court. RCW 26.24.010. The prosecutor then is empowered to bring an action in the name of the state against the accused natural father for the infant's care, maintenance, support and education. RCW 26.24.030. If the accused is found to be the natural father of the child, under RCW 26.24.090 certain provisions must be made in the judgment for the financial support of the child until the infant reaches the age of 16 years. The trial court can award custody of the child to the mother, if she is a suitable person; otherwise to any reputable person, including the natural father, and may, in its discretion, direct that the child bear the surname of the natural father. RCW 26.24.190. The child, however, still remains an illegitimate child and cannot be legitimatized by a filiation proceeding. An illegitimate child can only be legitimatized by compliance with RCW 26.04.060.

Our review of the provisions of RCW 26.24 shows no statutory language providing that the natural father can or may be given the right of consent to any future adoption of the subject infant, and no express provision of that chapter gives the trial court the right to so decree.

In contrast to RCW 26.24, RCW 26.32 outlines the statutory requirements necessary to effect an adoption. Under RCW 26.32.030, if the person to be adopted is illegitimate and a minor, then written consent of the natural mother is required unless a legal guardian has been appointed for the child. In that event, the guardian's written consent must be filed in the proceeding. No consent by the natural father is required for the adoption of an illegitimate child under the specific language of RCW 26.32.040(5).

■■ If we were to uphold the validity of the trial court's entry of the amended order in the filiation proceeding, we would thereby circumvent the rule of law in this state which provides that rights of adoption are created by

statute and that such procedure must be strictly followed. *In re Adoption of Reinius,* 55 Wn.2d 117, 346 P.2d 672 (1959); *In re Adoption of Blake,* 21 Wn.2d 547, 151 P.2d 825 (1944) and cases cited therein. The adoption statutes clearly give the natural father of an illegitimate child no standing to participate in and consent to the child's adoption in an adoption proceeding. *See* RCW 26.32.040 (5). The filiation statutes likewise are clear and unambiguous and do not give authority to the trial court to enter an order, such as the one involved in the present action, requiring the natural father's consent to any future adoption of the child. The purpose of the filiation proceeding is to provide for the care, maintenance, support and education of the illegitimate child and cannot have any effect as to subsequent adoption proceedings involving that child.

In *Arneson v. Arneson,* 38 Wn.2d 99, 227 P.2d 1016 (1951), we had before us a divorce proceeding in which the trial court exceeded its authority under the divorce act and decreed a liquidation of the property for the benefit of creditors as an incident to the issuance of the divorce decree. The question before us at that time was whether the trial court had jurisdiction to enter the questioned judgment. At 38 Wn.2d 100-01, we said:

> Divorce, probate, bankruptcy, receiverships, and assignments for the benefit of creditors are statutory proceedings, and the jurisdiction and authority of the courts are prescribed by the applicable legislative enactment. In them the court does not have any power that can not be inferred from a broad interpretation *of the act in question.* The powers of the court in probate and receiverships can not be imported into the divorce act. Whether or not the court exceeded its jurisdiction in the case at bar, must be determined from the language of the divorce act of 1949.
>
> Nowhere in the act is the court empowered to exercise the prerogatives peculiar to other statutory proceedings.
> . . .
>   . . .
> Since the divorce act nowhere provides for it, the court has no power to compel a liquidation for the benefit of creditors as an incident to a divorce decree. Nor can any

of the statutory proceedings, having that as its purpose, be consolidated with a divorce action for trial.

Although different statutes were involved in our resolution of the *Arneson* case, we think the reasoning therein can be applied to the instant case. The adoption statutes in RCW 26.32 clearly control all matters arising in an adoption proceeding. In this action, the trial court in the filiation proceeding has attempted to inject through its amended judgment an added requirement to the statutory requirements specified in RCW 26.32. When the trial court, in its amended judgment, decreed that the natural father had the right to exercise his consent in any subsequent adoption proceeding involving the illegitimate child, it attempted to exercise a power which in no way can be inferred from the provisions of either RCW 26.24 or RCW 26.32. Furthermore, in enacting RCW 26.32.040(5), the legislature expressly excluded this power of consent in the case of a natural father of an illegitimate child.

In view of the express provisions of RCW 26.32.040(5) and the lack of statutory authority in the trial court to effect a subsequent adoption of an illegitimate child in an order entered in a filiation proceeding, it is our conclusion that the trial court acted in excess of its jurisdiction in entering the disputed amended judgment in the filiation proceeding and that the amended judgment so entered is void. Therefore, appellant has no status to be heard, as he alleges, in the adoption proceeding.

We have thoroughly reviewed the various assignments of error presented by appellant. In light of our dispostion of this cause, we find they have no merit.

The trial court's determination that appellant has no standing to question the adoption is affirmed, and the cause, therefore, is remanded for proceedings consistent with this opinion.

HUNTER, C. J., FINLEY, WEAVER, and McGOVERN, JJ., concur.