[No. 3646–II.   Division Two.   July 10, 1980.]

KRUEGER ENGINEERING, INC., *Appellant,* v. JAY W. SESSUMS, ET AL, *Respondents.*

*Kenneth R. Ahlf,* for appellant.

*Jay W. Sessums,* pro se.

PEARSON, A.C.J.—This appeal arose out of a trial court's decision, on its own motion, to amend a default judgment entered in favor of the plaintiff, Krueger Engineering, Inc. The amendment deleted an award of attorney fees originally contained in a judgment foreclosing an engineer's lien. Krueger appeals the vacation of that portion of the default judgment. We reverse.

A brief statement of facts is necessary to highlight the decisive issue. Plaintiff performed engineering services for defendants Sessums. When payment was not forthcoming, plaintiff filed a lien pursuant to RCW 60.48 and thereafter commenced suit to foreclose that lien. Although defendants first appeared by counsel, their attorney shortly withdrew from the case. When no action was taken by defendants, plaintiff filed a motion for default and served it upon both defendants and their former attorney. On the appointed day, the trial court found the defendants to be in default and entered judgment against them for the amount prayed for in the complaint, including attorney fees in the amount of $1,500.

Plaintiff then caused a writ of execution to be issued and served an order for a sheriff's sale on the defendants. Defendants then paid the judgment in full, including attorney fees. At this point, the trial judge wrote a letter to counsel for plaintiff indicating that he had decided, on his own motion, that attorney fees were improper and that he would vacate the portion of the judgment awarding fees unless counsel was able to present authority for the award. Plaintiff then filed a satisfaction of the judgment, including the attorney fees. Two days later, the trial court vacated that part of the judgment relating to attorney fees.

The decisive issue in this case is whether a trial court may, on its own motion, vacate a portion of a default judgment. We hold, under the facts of this case, that the trial court did not have authority to order such a vacation of its judgment.

While we have some question about whether the trial court was correct in deciding it had been wrong in awarding attorney fees,[1] we need not reach this question. The trial court's lack of power, on its own motion, to set aside this judgment is decisive in this case.

■ Washington has followed the rule that a trial court may vacate on its own motion a judgment which is void on its face. *Morrison v. Berlin,* 37 Wash. 600, 79 P. 1114 (1905). However, in all other cases, the law prior to adoption of the present Rules of Civil Procedure seems to have been that a *party* had to commence a proceeding to set aside a judgment. The court could not do so on its own motion. *Barker v. Seattle,* 97 Wash. 511, 166 P. 1143 (1917); 1 A. Freeman, *Judgments* § 273 (5th ed. 1925). *See Huseby v. Kilgore,* 32 Wn.2d 179, 201 P.2d 148 (1948).

In the present case, the judgment was clearly not void on its face. At most, it was based on an arguable error of law made by the trial court when the judgment was entered. It is thus subject to the rule foreclosing amendment of a judgment on the court's own motion unless the civil rules have modified the common–law restrictions.

In our view, nothing in CR 60, the applicable rule, changes the common law that applied to this situation. CR 60(a) does allow for correction of clerical errors in judgments on the court's own motion. The scope of this rule is limited strictly to clerical errors. However, an intentional act of the court, even if in error, cannot be corrected under this provision. *In re Estate of Kramer,* 49 Wn.2d 829, 307

---

[1]The engineering lien statute, RCW 60.48.020, provides that foreclosure of such liens is done in the same manner as the lien granted by RCW 60.04.040. Attorney fees may be awarded in such a foreclosure. RCW 60.04.130.

P.2d 274 (1957); *Woodworkers Tool Works v. Byrne,* 191 F.2d 667 (9th Cir. 1951).

A reading of the other subdivisions of CR 60 makes it clear that they all assume the existence of an adversary proceeding commenced by a party. CR 60(b) assumes an action commenced by a motion from a party. CR 60(e). The other available modes of relief mentioned by CR 60(c) all assume that a party will commence a separate action.

We hold that the trial court was without power on its own motion to amend a judgment which was not void on its face. We thus reverse the order setting aside the award of attorney fees and reinstate the original judgment.[2]

Reversed.

PETRIE and PETRICH, JJ., concur.

---

[2]Under the rationale we set out, we do not need to consider whether satisfaction of the judgment prior to its purported modification makes any difference. The confusion inherent in changing judgments after they are paid also supports the result we reach.