[No. 13649–6–I.  Division One.  July 21, 1986.]

*In the Matter of the Marriage of* SWANI J. SORIANO,
*Respondent, and* MILTON H. SORIANO, *Respondent,*
SEATTLE–FIRST NATIONAL BANK,
*Appellant.*

*Linda Kelley Ebberson* and *Lasher & Johnson; Robert R. Beezer* and *Schweppe, Doolittle, Krug, Tausend & Beezer; Richard W. Elliott* and *Davis, Wright & Jones,* for appellant.

*Charles Wiggins* and *Edwards & Barbieri,* for respondent.

GROSSE, J.—Seattle–First National Bank challenges the trial court's jurisdiction to determine its interest, if any, in certain property at issue in this dissolution and property division proceeding. We abide by the long–standing rule that in a dissolution proceeding the superior court has jurisdiction only over the parties to the action. It may not adjudicate the rights of third parties who have an interest in any of the property at issue.

The operative facts are as follows: The trial court granted

a dissolution to the parties and awarded property to the wife in the form of a large cash award to be paid over a period of 3 years. The court also granted the wife a lien against the husband's separate and principal asset, shares of stock in Swiftsure Corporation, as security against the debt.

Counsel for the wife telephoned the Bank's branch where the securities were being held giving notice of the judgment lien. The shares were subsequently transferred to the Bank's home office. The Bank claimed to have a prior perfected security interest in the shares. When the Bank refused to surrender the shares, the wife's counsel requested and was granted a show cause hearing before the trial court at which the Bank was directed to appear. The trial court ordered the Bank to turn over the securities to the appointed trustee. On appeal, the Bank raises the issue of the court's jurisdiction over it as a third party creditor when sitting in a dissolution proceeding. Because a party may challenge "the fundamental power of the court to assume jurisdiction of the cause" for the first time on appeal, *State v. Howard,* 33 Wash. 250, 253, 74 P. 382 (1903); RAP 2.5(a), the jurisdictional question must be examined.

The seminal case on the jurisdictional limits of courts sitting in divorce proceedings is *Arneson v. Arneson,* 38 Wn.2d 99, 227 P.2d 1016 (1951); holding that the jurisdiction and authority of courts sitting in statutory proceedings is defined by the governing act. The court has only those powers which may be inferred from a broad interpretation of the legislation governing the proceeding. *Arneson,* at 100. The only proper parties in a dissolution proceeding are the spouses.

Other persons can not [*sic*] be made parties to the action by any statutory form of notice, nor can they intervene therein. . . . [T]here is no due process of law in a divorce action as to the rights of creditors of the spouses. The judgment can neither conclusively determine their rights . . .

422

*Arneson,* at 101. Thus, "the court has practically unlimited power over the property" in a dissolution proceeding but only as between the parties. *Arneson,* at 102. The dissolution court has no power over the property as to the rights of third parties claiming an interest in the property.

The dissolution decree in *Arneson* included a paragraph requiring one of the spouses to sell specific property and use the proceeds to pay creditors, including creditors of the other spouse. Nothing would remain to be divided between the spouses after the "forced liquidation for the benefit of creditors". *Arneson,* at 100. The court concluded that the requirements of that paragraph were only consistent with a liquidation proceeding. Since liquidations were not provided for in the divorce act the trial court had acted in excess of its jurisdiction and the decree was reversed. *Arneson,* at 103.

In this case the Bank does not challenge the trial court's decree, only its subsequent orders asserting jurisdiction over the Bank and ordering it to turn over the securities to the designated trustee of the wife. It is apparent that the court held a hearing and determined the rights of the Bank in the securities as they related to the lien rights granted to the wife. We find nothing in RCW 26.09, no matter how broadly construed, which gives a trial court the power to determine the rights of the Bank which is here asserting the position of a third party creditor. As with the dissolution statute in *Arneson,* the current statute only provides for division of the property as between the spouses. *See* RCW 26.09.050; RCW 26.09.080. Moreover, the Bank asserts a claim sufficiently large that it would encompass the entire value of the securities. The Bank thus has a substantial interest at stake which must be determined in a proper proceeding.

The trial court had no statutory authority to determine the substantive rights of the Bank in this dissolution proceeding. The order requiring the Bank to turn over the securities in its possession to the designated trustee of the wife is vacated. The Bank is dismissed from any further

proceedings in this action. Vacation of the order also eliminates the basis for the court's award of attorney's fees for this portion of the action. Accordingly, no fees may be awarded to the wife for work related to this action against the Bank. Both parties will bear their own costs and expenses of this appeal.

SWANSON and COLEMAN, JJ., concur.

Reconsideration denied September 2, 1986.