87 F.3d 1320
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Thomas G. MADLE, Debtor.
GREAT WESTERN LEASING COMPANY, A DIVISION OF SELLAND AUTO
TRANSPORT, INC., a Washington corporation,
Plaintiff-Appellee,
v.
Shirley Jean MADLE, his former wife, Defendant-Appellant,
and
William G. Knudson; Jane Doe Knudson, husband and wife;
Fred W. Hunt; Maxine Hunt, husband and wife; Department of
Social and Health Services; Crawford McGilliard Peterson
and Yelish, a Washington general partnership, Defendants.
 No. 95-35689.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 7, 1996.
Decided June 4, 1996.
 
 Before: LAY,* CHOY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Shirley Jean Madle ("Ms. Madle") appeals a decision of the district court affirming the bankruptcy court's final order on partial summary judgment in favor of Great Western Leasing Company ("Great Western"). Great Western brought this adversary proceeding against Ms. Madle in the bankruptcy proceedings of Ms. Madle's former husband, Thomas Madle ("Mr. Madle"). We reverse.
 
 Factual and Procedural Background
 
 3
 While married, the Madles purchased property in Mason County, which had title in both spouses' names, and in Whatcom County, which had title in only Mr. Madle's name. Both properties were purchased with community assets. In March 1988 the Madles legally separated, and in April 1992 they divorced. In June 1991, after the separation but before the divorce, Mr. Madle put both the Mason County and the Whatcom County properties up as collateral by two separate deeds of trust to lease heavy equipment for his business from Great Western. Ms. Madle was unaware of this transaction and did not sign either deed of trust. Mr. Madle forged her signature on the Mason County deed of trust.
 
 
 4
 At the dissolution (divorce) proceeding the court awarded the Whatcom County property to Ms. Madle and the Mason County property to Mr. Madle. Mr. Madle assumed responsibility for the lease payments to Great Western. Ms. Madle was to sell the Whatcom County property, with sixty percent of the proceeds going to her and forty percent to Mr. Madle. Great Western's lien was to be paid off from Mr. Madle's forty percent before Ms. Madle received her sixty percent. If the amount paid to Great Western exceeded Mr. Madle's forty percent share, Ms. Madle would receive a lien on Mr. Madle's Mason County property for the difference.
 
 
 5
 In July 1992, Mr. Madle defaulted on his lease and Great Western began a collection action against him. In September 1992, Great Western took a default judgment against Mr. Madle, and foreclosed on the Mason County property deed of trust. In June 1993, Great Western attempted to foreclose on the Whatcom County property deed of trust. Ms. Madle then successfully moved the Whatcom County Superior Court to enjoin the foreclosure sale.
 
 
 6
 After Mr. Madle filed for bankruptcy in March 1994, Great Western filed this adversary proceeding. The bankruptcy judge found on partial summary judgment that the Whatcom County deed of trust was valid. The district court affirmed the bankruptcy judge's decision. Ms. Madle timely appeals.
 
 Analysis
 
 7
 I. The Whatcom County deed of trust is voidable.
 
 
 8
 We review a grant of summary judgment de novo. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995).
 
 
 9
 At the time of the divorce, Ms. Madle had the power to avoid the deed of trust. "Contracts which convey or encumber community realty and which the wife does not sign are not void. They are merely voidable, and it is the wife who has the power of avoidance." Tombari v. Griepp, 350 P.2d 452, 454 (Wash.1960). The Whatcom County property was community property, purchased in 1987 when the Madles were married and not yet separated. Although record title to the property stated that the property was owned by Thomas Madle "as his separate estate," it is undisputed that the property was actually community property. Ms. Madle never signed the deed of trust, nor was she aware of its existence until the 1992 dissolution proceeding.
 
 
 10
 Under RCW 26.16.095, if the selling spouse alone has record title to community property, sale of the property can be effective notwithstanding claims or objections later raised by the non-selling spouse, if the sale is to an "actual bona fide purchaser." Great Western, however, is not a bona fide purchaser. Bona fide purchasers are "such persons as purchase without knowledge of the existence of the marriage relation, or who could not, with reasonable diligence, have obtained such knowledge." Dane v. Daniel, 63 P. 268, 272 (Wash.1900). At the same time that Mr. Madle delivered the Whatcom County deed of trust, he also delivered to Great Western the Mason County deed of trust, on which he had forged his wife's signature. Great Western thus had actual knowledge that Mr. Madle was married. Since Great Western is not a bona fide purchaser, Ms. Madle has the power to avoid the deed of trust.
 
 
 11
 II. The dissolution decree does not collaterally estoppel Ms. Madle from denying the validity of the deed of trust.
 
 
 12
 The dissolution court ordered that the proceeds from the sale of the Whatcom County property pay off Great Western's lien before either of the Madles were paid. Great Western argues that this decree collaterally estops Ms. Madle from denying the validity of the deed of trust. The dissolution court, however, lacked jurisdiction to determine the validity of the deed of trust.
 
 
 13
 A prior decision by a court lacking jurisdiction is not entitled to collateral estoppel effect. The prior decision must have been made "by a court of competent jurisdiction." Int'l Bhd. of Pulp, Sulfite & Paper Mill Workers v. Delaney, 442 P.2d 250, 254 (Wash.1968); see also Lake v. Butcher, 679 P.2d 409, 413 (Wash.Ct.App.1984) (refusing to give collateral estoppel effect to Iowa court's paternity determination when the Iowa court lacked jurisdiction).
 
 
 14
 The dissolution court lacked jurisdiction to decide the validity of the Whatcom County deed of trust. In Arneson v. Arneson, the Washington Superior Court entered a dissolution decree that awarded real property to the wife, and ordered her to sell the property and to use the proceeds of the sale to discharge various debts to certain creditors in a particular order. 227 P.2d 1016, 1017 (Wash.1951). The Washington Supreme Court observed that persons other than spouses and their children
 
 
 15
 can not be made parties to the action by any statutory form of notice, nor can they intervene therein. It would appear elementary then, that there is no due process of law in a divorce action as to the rights of creditors of the spouses. The judgment can neither conclusively determine their rights, nor be made available on their behalf as a basis for any of the provisional remedies.
 
 
 16
 Since the divorce act nowhere provides for it, the court has no power to compel a liquidation for the benefit of creditors as an incident to a divorce decree.... Nothing can be found in the divorce act authorizing the court to deprive the spouses of their rights to prefer creditors, claim exemptions and/or homesteads, compromise claims, take bankruptcy, invoke statutes of limitation, make contracts, and enjoy their property rights. Their several interests in the property are, of course, determined, as between themselves, by the decree, and are subject to the burdens imposed upon them therein for purposes within the scope of the divorce act.
 
 
 17
 Id. at 1017-18. Great Western argues that Arneson holds only that a dissolution court may not provide provisional remedies to creditors. The holding of Arneson, however, is much broader: a dissolution court lacks power to "conclusively determine" the rights of creditors, or "to compel a liquidation for the benefit of creditors as an incident to a dissolution decree." Id. at 1017.
 
 
 18
 Other cases support this holding. In In re Marriage of Soriano, the divorce court ordered a bank to turn over to the wife certain of the husband's securities in which the bank held a security interest. 722 P.2d 132, 133 (Wash.Ct.App.1986). The Court of Appeals vacated the order under Arneson. The court noted:
 
 
 19
 It is apparent that the court held a hearing and determined the rights of the Bank in the securities as they related to the lien rights granted to the wife. We find nothing in chapter 26.09 RCW, no matter how broadly construed, which gives a trial court the power to determine the rights of the Bank which is here asserting the position of a third party creditor....
 
 
 20
 The trial court had no statutory authority to determine the substantive rights of the Bank in this dissolution proceeding.
 
 
 21
 Id. at 134. A dissolution court has no power to determine the rights of creditors, either in their favor or against them. The Ninth Circuit has likewise held, noting that under Arneson, a dissolution decree purports "only to settle property rights as between husband and wife, leaving unaffected the preexisting rights of third persons." Britt v. Damson, 334 F.2d 896, 901 (9th Cir.1964), cert. denied, 379 U.S. 966 (1965). The dissolution court thus had no jurisdiction to conclusively determine the validity of Great Western's deed of trust. Its determination receives no collateral estoppel effect.
 
 
 22
 III. Great Western waived the issue of equitable estoppel by not affirmatively pleading it.
 
 
 23
 The district court did not apply collateral estoppel because it recognized that "the Kitsap County family court did not have jurisdiction to decide [Ms. Madle's] rights as to a third party." Instead, the district court equitably estopped Ms. Madle from avoiding the lien because she learned of the deed of trust at her 1992 dissolution hearing, but did not act to avoid the deed of trust until 1993.[1]
 
 
 24
 Great Western, however, waived the issue of equitable estoppel by not raising it in the district court. Under Washington law, "[e]stoppel and waiver are affirmative defenses and must be pleaded." Farmers Ins. Co. v. Miller, 549 P.2d 9, 12 (Wash.1976). "In general, if such defenses are not affirmatively pleaded, asserted with a motion under CR 12(b), or tried by the express or implied consent of the parties, such defenses are deemed to have been waived and may not thereafter be considered as triable issues in the case." Id. at 12-13. Great Western has never pleaded or asserted equitable estoppel, nor did Ms. Madle expressly or impliedly consent to its litigation. Great Western waived the issue of equitable estoppel, and the district court should not have raised the issue sua sponte.
 
 Conclusion
 
 25
 The Great Western deed of trust is voidable. The dissolution decree does not collaterally estop Ms. Madle from disputing the validity of the deed of trust. Nor will we equitably estop Ms. Madle from now avoiding the deed of trust, given Great Western's waiver of that issue. We REVERSE and REMAND to the district court with instruction to issue summary judgment for Ms. Madle.
 
 
 
 *
 Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Great Western incorrectly states that the district court based its decision on rescission rather than equitable estoppel. The district court clearly explained that "this Court's order of May 3, 1995 to affirm the bankruptcy court's decision, is based on the doctrine of equitable estoppel." Moreover, the doctrine of rescission does not apply here; Ms. Madle could not rescind the lease contract between Mr. Madle and Great Western because she was not a party to the contract. See, e.g., Henry v. Lind, 455 P.2d 927, 930 (Wash.1969) ("[O]ne cannot cancel an agreement to which he is not a party....")