38 P.3d 1053 (2002)
In re the Marriage of Michael A. McKEAN, Appellant, and
Connie McKean, Respondent.
No. 26902-3-II.
Court of Appeals of Washington, Division 2.
February 1, 2002.
Barbara Jo Reisinger Sylvester, Gregory Howard Pratt, McGavick Graves Beale & McNerthney, Tacoma, Counsel for Respondent.
John Patrick O'Connor, Shillito & Giske, Tacoma, Counsel for Appellant.
*1054 SEINFELD, J.
In this appeal from a marriage dissolution decree, Michael McKean challenges the trial court's property division and its order transferring trust property to a corporate trustee. As the trial court considered the relevant statutory factors and did not abuse its discretion in dividing the marital property, we affirm the property division. But we hold that the trial court lacked jurisdiction over the trust property and, consequently, we vacate that order.

FACTS
Michael McKean married Connie McKean in November 1995; the couple separated in May 1998. The McKeans had one child together during their marriage, Morgan, and Mr. McKean had one child from a previous marriage, Michelle.
At the time of their marriage, Mr. McKean was 48 years old and had accumulated $2 to $3 million in assets. Mrs. McKean was 25 years old, had few separate assets, and stayed at home during the marriage to care for Morgan and Michelle.
Less than a year after their marriage, Mr. McKean learned that he was under investigation for a federal offense "related to his development of government subsidized low income housing." Clerk's Papers (CP) at 24. In an attempt to hide assets from the federal government, he began converting them into forms that would be difficult to trace. He also converted a substantial amount of his separate property to community property and to Mrs. McKean as her separate property. He gave Mrs. McKean the authority to sign certain checking and other bank accounts.
Mr. McKean later pleaded guilty to federal offenses and served 14 months in a federal prison. In addition, the federal court ordered him to pay a $300,000 fine and the federal government obtained a related $450,000 civil judgment against him.
When Mr. McKean was in prison, Mrs. McKean transferred most of their accounts into her name and she spent approximately $200,000 on nonessential items. Because Mr. McKean wanted to continue their relationship, he acquiesced to the transfers and to the expenditures of which he was aware.
Mr. McKean filed for dissolution in May 1998. Following trial, the court surmised that both parties had failed to disclose all of their assets. Nonetheless, it characterized the disclosed assets and liabilities as either separate or community and valued and divided them. The trial court concluded that when Mr. McKean transferred his separate assets to the community and to Mrs. McKean as her separate property, he did so in order to hide them from the federal government and he did not intend to make a gift to the community or to Mrs. McKean.
The trial court awarded Mr. McKean assets valued at approximately $2,330,511,[1] along with several unvalued assets. It assigned him $1,273,605 in liabilities, including $746,000 in Department of Justice fines, penalties, and judgments for a net property award of $1,056,906. The trial court awarded Mrs. McKean approximately $505,350 in assets and assigned her $17,861 in liabilities, for a net property award of $487,489.
9The trial court also entered a finding listing "identified assets which are trust assets owned for the benefit of the [children]." CP at 25. Finding that both parties had manipulated this property, treating it as their own, and would likely continue to do so, the trial court ordered the trust property transferred to a corporate trustee. Additionally, based on its finding that Mrs. McKean had taken $10,000 from an account in Michelle's name, the trial court ordered Mrs. McKean to reimburse the account from her property settlement. The trial court said it believed it had "a responsibility to protect the financial assets of the children as well as their physical and emotional well-being." CP at 53-54.

DISCUSSION

THE TRUST ASSETS
Mr. McKean asserts that the trial court lacked jurisdiction to order the trust *1055 property transferred to a corporate trustee. He argues that under RCW 26.09.080, the trial court had jurisdiction only over the assets owned by the McKeans or their former community.
Mrs. McKean responds that the trial court had the authority to act in the children's best interest and to protect their welfare and financial stability. She also argues that the trial court found that the establishment of the children's trusts was a sham transaction and that the parties disregarded the status of the trust by their actions.
Trial court jurisdiction over dissolution actions comes from statute. Arneson v. Arneson, 38 Wash.2d 99, 100, 227 P.2d 1016 (1951). Statute requires the trial court to divide the parties' assets, making "such disposition of the property and the liabilities of the parties, either community or separate, as shall appear just and equitable after considering all relevant factors." RCW 26.09.080 (emphasis added). But the trial court does not have authority to adjudicate the rights of parties not before the court, even if they have an interest in the property at issue. Arneson, 38 Wash.2d at 101, 227 P.2d 1016 (trial court in dissolution action lacked authority to adjudicate property rights between parties to dissolution action and third parties); In re Marriage of Soriano, 44 Wash. App. 420, 420, 722 P.2d 132 (1986) (trial court in dissolution action lacked authority to require parties to liquidate assets and pay specified creditors).
The trustees at issue here were third parties holding legal title to the property and were subject to an equitable and fiduciary obligation to manage or use the property for the children's benefit. See Esmieu v. Schrag, 88 Wash.2d 490, 498, 563 P.2d 203 (1977); O'Steen v. Wineberg's Estate, 30 Wash.App. 923, 932-33, 640 P.2d 28 (1982). But they were not parties to the proceeding and even if Mr. or Mrs. McKean also served as trustees, they were not parties to the dissolution action in their representative capacity as trustees. See In re Marriage of Morrison, 26 Wash.App. 571, 613 P.2d 557 (1980). Nor did either party initiate an action against the trusts or attempt to obtain in personam jurisdiction over the trustees. See CR 17(a);[2]In re Marriage of Petrie, 105 Wash.App. 268, 19 P.3d 443 (2001) (following investigation by court appointed guardian ad litem, trial court consolidated dissolution action with mother's suit to remove father as trustee of children's trust).
Further, contrary to Ms. McKean's contention, the court did not find that the trust was a sham or that Mr. or Ms. McKean actually owned the trust property. Although the court expressed concern about the independence of the trustees, in an unchallenged finding it characterized certain identified property as assets placed in trust for Michelle and Morgan pursuant to agreements executed before the dissolution. Finding of fact 2.20(i). See In re Contested Election of Schoessler, 140 Wash.2d 368, 385, 998 P.2d 818 (2000) (unchallenged findings are verities on appeal).
As the trial court lacked in personam jurisdiction over the trustees, it erred in adjudicating matters regarding the trust, including the designation of a trustee.[3]
By contrast, the dissolution court had a statutory duty to determine and divide the parties' liabilities. RCW 26.09.080. Thus, the court did not err in determining that Ms. McKean owed Michelle's trust account $10,000 and in ordering Ms. McKean to reimburse the account in that amount.
Accordingly, we vacate the order transferring the trust property to a corporate trustee and remand for entry of a corrected order.
A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed *1056 for public record pursuant to RCW 2.06.040, it is so ordered.
We concur: MORGAN, P.J., and HOUGHTON, J.
NOTES
[1] Mr. McKean asserts that he received $2,490,511 in assets and Mrs. McKean asserts he received $2,510,511.
[2] CR 17(a) provides in pertinent part: "Real Party in Interest. Every action shall be prosecuted in the name of the real party in interest. [A]... trustee of an express trust ... may sue in his own name without joining with him the party for whose benefit the action is brought."
[3] RCW 11.96A.040 gives the superior court subject matter jurisdiction over trust matters.