IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| TIMOTHY L. SAYLER, | ) | No. 79026-9-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| SUSAN L. YOUNG, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | FILED: January 13, 2020 |

HAZELRIGG-HERNANDEZ, J. — Timothy Sayler seeks reversal of an order on his motion to clarify and correct a clerical mistake entered after the decree of dissolution. He contends that the order attempted to correct a judicial error, rather than a clerical error, an action that is not authorized by CR 60(a). Because the language of the decree evinced an intent for Sayler to be responsible for 50 percent of the specified debts, the subsequent order making Sayler responsible for 100 percent of the debts was not authorized under CR 60(a). We reverse and remand.

## FACTS

Timothy Sayler and Susan Young divorced in 2017. Sayler was the petitioner in the dissolution action. In his petition for dissolution of marriage, Sayler requested that the debts be split equally between the parties and paid from the net proceeds of the sale of the real property co-owned by the parties.

In the decree of dissolution, the court awarded Sayler the business Eagle Rock Landscaping with its premises, equipment, and all associated debt. The court awarded Young $38,000 in spousal maintenance. In the section of the decree labeled "Petitioner's Debt," the order stated that "[t]he Petitioner must pay all debts listed below" and listed 16 debts. Under the first item, a Chase mortgage, the court drew a line and wrote "100%" above the line. The court wrote nothing next to the second and third listed debts. Next to each of the debts numbered 4 through 15, the court wrote "50%." Next to the last item, credit, debt, and/or debit accounts in Sayler's name post separation, the court wrote "100%."

Under the section labeled "Respondent's Debt," the court crossed out the language saying she must pay the debts listed below as well as the first item and listed two debts: "2. Credit, debt, and/or debit accounts in her name, including her Chevon credit card [sic]" and "3. Liabilities associated with any of the property or assets awarded to the petitioner."

In the court's written findings and conclusions, the court stated that "[t]he spouses' community debt is listed in Exhibit 24 as modified by this court. This Exhibit is attached and made part of these Findings." The court also noted that the petitioner's and respondent's separate debts were listed in "Exhibit 24." From the brief reference to exhibit 24 in the portion of the verbatim report of proceedings that was designated as part of the record on appeal, it appears that the exhibit was Sayler's debt worksheet. Although the minute entry indicates that Exhibit 24 was marked for identification during the trial, it does not appear to have been admitted, was not attached to the dissolution decree, and is not part of the record on appeal.

Sayler filed a "motion to correct a clerical mistake pursuant to CR 60(a) and to clarify the decree of dissolution." He argued that the handwritten "50%" next to some of the listed debts indicated that he would be responsible for only half of the specified debts. He requested that the court clarify the sections of the decree allocating the debts "to explicitly allocate the remaining 50% of the community debts." He argued that "it seem[ed] likely that the Court intended Respondent to pay the remaining 50%."

The court conducted a hearing on the motion, at which Sayler requested that the court clarify that the debts labeled "50%" would be allocated 50% to Sayler and 50% to Young. Young objected to this proposed correction, stating:

> The petitioner was . . . awarded all property except for the home that I'd owned for 32 years. That was the only asset that I was awarded. He was awarded the entire business, commercial property, another property, the sale and profit of another property that was built by one of our companies.

The court stated that it would "make the modification that Ms. Young is asking for so that it's crystal clear . . . that it's 100 percent [Sayler's] debt." On September 10, 2018, the court issued an "Order on Civil Motion CR 60(b)," which stated:

> The above-entitled Court, having heard a motion for 60(b) modification of clerical errors. Amendments are as follows:
> . . . .
> (2) Section 10 assignment of Respondent's [sic] debt is changed to read 100%, not 50%.

Sayler appealed.

## ANALYSIS

### I.    CR 60(a)

Sayler argues that the court did not have to authority to issue the order stating that he owed 100 percent of the listed debts because the order did not reflect the court's original intention to split the debts equally between the parties. Young avers that the court did not intend to assign 50 percent of the specified debts to her, as evidenced by the fact that she did not receive any interest in the business. Young further argues that:

> The handwritten 50% of the 12 enumerated debts in question were assigned ONLY to Mr. Sayler and was what the court expected him to pay upon signing of the decree. The handwritten 50% was not a division of debt, but a reduced amount to allow monies available for payment of Spousal maintenance awarded to [Ms.] Young and due upon signing of decree.

When entering a decree of dissolution of marriage, the court shall divide the assets and debts of the parties, both community and separate, as appears just and equitable after considering all relevant factors. RCW 26.09.050(1); RCW 26.09.080. The court has broad discretion over the disposition of property and debts. In re Marriage of Thomas, 63 Wn. App. 658, 660, 821 P.2d 1227 (1991). However, the court may only divide property and debts between the spouses. Arneson v. Arneson, 38 Wn.2d 99, 101-02, 227 P.2d 1016 (1951). "It may not adjudicate the rights of third parties who have an interest in any of the property at issue," including creditors. In re Marriage of Soriano, 44 Wn. App. 420, 420, 722 P.2d 132 (1986).

Once entered, the court may not modify the division of property in a dissolution decree unless it "finds the existence of conditions that justify the

reopening of a judgment under the laws of this state." RCW 26.08.170(1). It may, however, correct "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission" on the motion of a party or on the court's own initiative. CR 60(a). This rule does not allow trial courts to correct "judicial errors." Presidential Estates Apt. Assocs. v. Barrett, 129 Wn.2d 320, 326, 917 P.2d 100 (1996). The distinction between clerical and judicial error turns on "whether the judgment, as amended, embodies the trial court's intention, as expressed in the record at trial." Id. If so, the error was clerical because the amended judgment "merely corrects language that did not correctly convey the intention of the court, or supplies language that was inadvertently omitted from the original judgment." Id. Although the court may enter a judgment that differs from its oral ruling, it may not use CR 60(a) to "enter an amended judgment that does not find support in the trial court record." Id. Put simply, "[a] judicial error involves an issue of substance; whereas, a clerical error involves a mere mechanical mistake." Marchel v. Bunger, 13 Wn. App. 81, 84, 533 P.2d 406 (1975).

The trial court has discretion to enter an order amending a judgment to correct a clerical error under CR 60(a). See Presidential Estates, 129 Wn.2d at 325–26. "A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons." In re Marriage of Littlefield, 133 Wn.2d 39, 46–47, 940 P.2d 1362 (1997). Using CR 60(a) to correct judicial error is an abuse of discretion because the rule does not authorize this action. See Presidential Estates, 129 Wn.2d at 325–26.

To determine whether the error corrected by the trial court was clerical or judicial, we examine the record and interpret the dissolution decree to discern the court's intention at the time it entered the original order. See Id. at 326–27. "Interpreting a dissolution decree involves a question of law reviewed de novo." Stokes v. Polley, 145 Wn.2d 341, 346, 37 P.3d 1211 (2001). We use the general rules of construction applicable to statutes and contracts to determine the superior court's intent. Id. Therefore, we construe dissolution decrees as a whole, giving meaning and effect to each word. Id. Words are given their ordinary meaning, and we assume there is a difference in intent when language is used in one instance but not in another. Id. at 347.

Here, the court's intention in the order amending the decree was clear: to make Sayler responsible for 100 percent of the debts listed as "Respondent's Debts" in the dissolution decree. To determine whether this was a permissible correction of a clerical error or an impermissible modification of a judicial error, we must decide whether this same intention was present when the court entered the original dissolution decree.

The excerpt of the trial transcript in the record before us contains some of Young's testimony regarding her involvement in the business and use of the business's funds. However, the court's oral comments following her testimony seem to indicate that the court had not yet determined how to divide the property:

> What I expect is that you're going to have [to] supplement the record with more documentation if you choose to do so. If you choose not to supplement it, then I'll work with what I have, but I can't say from what I've seen so far that it's really adequate or complete in terms of a full picture of the status of the business nor any claims that the wife may have as partner, if those documents can be supportive.

The transcript does not contain any other statement from the court indicating its intent to divide the property and debts. Further, there is nothing in the record from the subsequent motion hearing to provide clarity on the court's intent at the time of entry of the original decree. Therefore, we must interpret the language of the dissolution decree to determine whether the intent of the decree was the same as that of the subsequent order.

The plain language of the decree indicates that "[t]he Petitioner must pay" 50 percent of the debts numbered 4 through 15. The decree does not indicate who must pay the remaining half of those debts, although the court was only authorized to apportion property and debts between the parties. There is nothing in the record before us to indicate that the court's intention at the time the original decree was entered, was anything other than the logical assumption of the court's statutory duty to apportion the debts only between the parties to the dissolution. Additionally, there is nothing apparent from the language of the decree to support Young's theory that the hand-written percentage indicated the portion of the debt that Sayler was expected to pay at a particular time. Because it appears from the language of the decree that the court intended for Sayler to be responsible for 50 percent of the specified debts, the order making Sayler responsible for 100 percent of the debts evinced a different intention. The order was therefore attempting to correct a judicial error, rather than a clerical error. The court lacked authority to correct a judicial error under CR 60(a).

II.    CR 60(b)

Sayler also argues that the court lacked authority to enter an order under CR 60(b) when his motion "discussed only CR 60(a) and requested only relief appropriate under CR 60(a)." Although the order purports to be based on CR 60(b), it refers to the motion as a "motion for 60(b) modification of clerical errors." Because CR 60(a), rather than 60(b), is the appropriate rule governing correction of clerical errors, the court's reference to 60(b) appears to be, itself, a clerical error. Nevertheless, we take this opportunity to clarify that the order was not authorized by CR 60(b).

Although CR 60(a) explicitly provides that a clerical mistake may be corrected by the court "of its own initiative or on the motion of any party[,]" CR 60(b) allows the court to grant relief from a final judgment, order or proceeding only "[o]n motion" and in certain circumstances. The rule further states that "[t]he procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules," and specifies that the procedure entails "[a]pplication . . . made by motion filed in the cause stating the grounds upon which relief is asked, and supported by the affidavit of the applicant or the applicant's attorney." CR 60(d), (e). Unlike a correction of a clerical error under CR 60(a), a trial court does not have the authority to vacate a judgment, other than one that is void on its face, on its own motion. <u>Krueger Eng'g., Inc. v. Sessums</u>, 26 Wn. App. 721, 724, 615 P.2d 502 (1980).

Moreover, CR 60(b) authorizes only a limited remedy. "'Rule 60(b) is available only to set aside a prior judgment or order; courts may not use Rule 60(b)

to grant affirmative relief in addition to the relief contained in the prior order or judgment.'" Geonerco, Inc. v. Grand Ridge Prop's. IV, LLC, 159 Wn. App. 536, 542, 248 P.3d 1047 (2011) (quoting Delay v. Gordon, 475 F.3d 1039, 1044–45 (9th Cir. 2007)). Courts may not correct errors of law under CR 60(b). In re Marriage of Thurston, 92 Wn. App. 494, 499, 963 P.2d 947 (1998).

The record contains no evidence that a CR 60(b) motion was pending before the trial court and shows only Sayler's CR 60(a) motion. The court made no indication that the dissolution decree was facially void and may not otherwise grant relief under CR 60(b) on its own motion. Additionally, CR 60(b) would only have authorized the court to set aside the prior order, rather than modify it. Because CR 60(b) did not authorize this order, we interpret it as an order on a CR 60(a) motion and interpret the court's reference to CR 60(b) as a clerical mistake.

III.     Remedy

Sayler contends that the trial court was obligated to grant his CR 60(a) motion below and requests that we remand this case with instructions to grant his motion and specify that Young is responsible for the other 50 percent of the specified debts. However, we do not review the merits of a CR 60(a) motion on appeal. Foster v. Knutson, 10 Wn. App. 175, 176–77, 516 P.2d 786 (1973). Because we have determined that the court abused its discretion in using CR 60(a) to correct a judicial rather than clerical error, we vacate the order on Sayler's CR 60(a) motion and remand for further proceedings consistent with this opinion.

Reversed and remanded.

WE CONCUR: