# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| EDWARD HARTNETT,<br><br>　　　　Appellant,<br><br>　　　　v.<br><br>WASHINGTON STATE,<br>DEPARTMENT OF LABOR &<br>INDUSTRIES,<br><br>　　　　Respondent. | No. 85972-2-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

BIRK, J. — Edward Hartnett challenges the superior court's decision to deny his CR 60 motion to vacate final judgment. The court denied his motion for being untimely. Because the superior court did not abuse its discretion in reaching its decision, we affirm.

I

In 2001, Hartnett suffered an industrial injury while working as a journeyman carpenter. The Department of Labor & Industries (L&I) allowed the injury claim and provided treatment until the claim was first closed in May 2009. L&I awarded Hartnett a 22 percent permanent partial disability (PPD) of his left arm. Hartnett unsuccessfully appealed the order and it became final with an effective closing date of May 21, 2009. In November 2011, Hartnett successfully applied to have his claim reopened by L&I. On July 14, 2014, L&I issued an order closing

Hartnett's claim with a category 2 PPD award for injury-related mental health impairment, in addition to the earlier PPD award for his left arm.

Hartnett appealed the order, which had denied him time loss benefits for the period between March 17, 2014 to July 14, 2014, to the Snohomish County Superior Court. While represented by counsel, Hartnett agreed to settle with L&I by agreeing to keep his claim closed effective July 14, 2014, in exchange for paid time loss benefits for the March to July period, and an increase in his mental health PPD award from category 2 to category 3. The court issued an agreed order remanding the case to L&I to implement the settlement agreement (2016 Settlement). L&I implemented the settlement agreement through a further order, which the parties agreed would not be appealable.

Four months later, in February 2017, Hartnett requested to reopen the claim and received a written response from L&I stating that the claim could be reopened for medical treatment but that any other benefits would only be granted at the discretion of L&I's director (Director). Under RCW 51.32.160(1)(a), claims brought by a worker more than seven years after the first closing order for the claim are considered "over seven." Dep't of Lab. & Indus. v. Higgins, 21 Wn. App. 2d 268, 274-75 n.2, 505 P.3d 579 (2022). An over seven claim is still eligible for medical benefits, but other benefits are available only subject to the discretion of the Director. Id. at 274-75. Hartnett appealed L&I's decision that his claim was over seven.

In June 2018, Hartnett filed a motion for summary judgment with the Board of Industrial Appeals (Board), arguing that he should be relieved of the over seven status because he had not realized that the 2016 Settlement would render his claims over seven. In December 2018, the Board sent Hartnett a notice of the proposed decision on his appeal. Hartnett's motion had been denied, and L&I's opposing motion for summary judgment was granted. Hartnett petitioned the Board to review the decision, which was denied in January 2019, making the order final. Hartnett did not appeal the administrative decision to the superior court.

In January 2020, the Director determined that discretion would not be exercised to provide nonmedical benefits. Starting in 2021, Hartnett engaged in litigation to compel the Director to exercise discretion to reopen his nonmedical benefits claim. .

In May 2023, Hartnett returned to superior court, filing a CR 60 motion to have the 2016 Settlement vacated. The superior court denied the motion, stating Hartnett could raise the motion again with additional evidence that the motion was being made within a reasonable time. In August 2023, Hartnett renewed his motion, citing CR 60(b)(1), (4), (11), and 60(c). Hartnett asserted the motion was filed within a reasonable time because he was unaware of, or misled as to, the over seven implications when he agreed to the 2016 Settlement, he had been challenging the 2016 Settlement regularly since 2017, L&I was not prejudiced by the delay, and he filed the CR 60 motion as soon as he learned that it was the proper method to challenge the order.

3

The court denied his motion because it had not been brought within a reasonable time, as required by CR 60. The court ruled that Hartnett's delay was unreasonable because Hartnett first had notice his claim was over seven in February 2017, he actively litigated the issue in 2018, and the Board told Hartnett of its final decision on over seven status in January 2019. The court found waiting four to six years to bring a CR 60 motion was not reasonable. Furthermore, the court was concerned about prejudice to L&I, from the deprivation of the use of the settlement funds, but also for having had to defend years of litigation, which would be rendered invalid by the motion, and which could have been prevented by a timely CR 60 motion. The court was also skeptical as to the viability of unwinding a settlement agreement, the validity of which was an underlying assumption to years of subsequent litigation. Hartnett appeals.

II

Hartnett claims that the superior court abused its discretion by denying his CR 60(b) motion and by refusing to grant relief under CR 60(c).

Orders on motions to vacate a judgment may be appealed under RAP 2.2(10). " 'On appeal, a trial court's disposition of a motion to vacate will not be disturbed unless it clearly appears that it abused its discretion.' 'Abuse of discretion means that the trial court exercised its discretion on untenable grounds or for untenable reasons, or that the discretionary act was manifestly unreasonable.' " Hor v. City of Seattle, 18 Wn. App. 2d 900, 911, 493 P.3d 151

(2021) (citation omitted) (quoting Lindgren v. Lindgren, 58 Wn. App. 588, 595, 794 P.2d 526 (1990)), review denied, 198 Wn.2d 1038, 501 P.3d 142 (2022).

In this court Hartnett asserts only CR 60(b)(4) (fraud) and CR 60(b)(11) (any other reason justifying relief). For these provisions, the rule requires that the motion "shall be made within a reasonable time." CR 60(b). "What constitutes a reasonable time depends on the facts and circumstances of each case." Luckett v. Boeing Co., 98 Wn. App. 307, 312, 989 P.2d 1144 (1999). The critical period in analyzing whether the motion to vacate was brought within a reasonable time is "the period between when the moving party became aware of the judgment and the filing of the motion." Id. Two major considerations in determining a motion's timeliness are "(1) prejudice to the nonmoving party due to the delay; and (2) whether the moving party has good reasons for failing to take appropriate action sooner." Id. at 312-13 (four month delay was unreasonable, despite lack of prejudice to the nonmoving party, because the movant had no good reason to delay).

Hartnett argues that (1) he did not know that he needed to file a CR 60 motion, (2) he did not seek to vacate the judgment because L&I's closing order invited him to appeal to the Board if he disagreed with the order, (3) he was actively fighting the over seven status through appeals and litigation with the Board, and (4) he filed his CR 60 motion as soon as he learned that it was the appropriate remedy.

5

"[I]t is well settled that a person is presumed to know the law such that ignorance of the law is not a defense." Dellen Wood Prods., Inc. v. Dep't of Lab. & Indus., 179 Wn. App. 601, 629, 319 P.3d 847 (2014). "Absent fraud, the actions of an attorney authorized to appear for a client are binding on the client at law and in equity. The 'sins of the lawyer' are visited upon the client." Rivers v. Wash. State Conf. of Mason Contractors, 145 Wn.2d 674, 679, 41 P.3d 1175 (2002) (footnote omitted) (quoting Taylor v. Illinois, 484 U.S. 400, 433, 108 S. Ct. 646, 98 L. Ed. 2d 798 (1988) (Brennan, J., dissenting)).

Hartnett does not contest that the 2016 Settlement happened, that he approved of it, or that he was represented by counsel during it. He claims both L&I misrepresented to him that he would still be eligible for benefits after settling, and his lawyer never advised him of the over seven consequences of settling. And he claims that had he known about the consequence of the 2016 Settlement, he never would have agreed to it. But Hartnett received a written response from L&I in February 2017, notifying him that his claim was over seven, and that nonmedical benefits were now at the discretion of the Director. More than six years elapsed before he first filed a CR 60 motion. In 2018 he argued that his unawareness as to the effects of the 2016 Settlement offered a basis for relief. In January 2019, the Board's rejection of Hartnett's over seven argument became final. In 2021 to 2023, Hartnett alternatively sought to compel the Director to exercise discretion to grant him nonmedical benefits.

Nothing in the record excuses such a lengthy delay in waiting to file a CR 60 motion. Whether counting from February 2017, June 2018, or January 2019 as the triggering event which signaled Hartnett's awareness of the effects of the 2016 Settlement, the result is the same. Hartnett's 2023 motion is untimely as to any one of them.

Hartnett's CR 60 motion, if granted, would prejudice L&I. L&I agreed to settle Hartnett's claim in 2016. It agreed to pay disability benefits in exchange for Hartnett keeping his claim closed. Since 2016, L&I has been deprived of those funds, while Hartnett has had use of them. L&I would also be prejudiced by having years of litigation, premised on the 2016 Settlement being valid, undone. If the 2016 Settlement were vacated then new litigation would presumably unfold between L&I and Hartnett. L&I would be prejudiced by Hartnett's avoidable delay.

The superior court did not abuse its discretion by denying Harnett's CR 60(b) motion as untimely.

III

Hartnett claims CR 60(c) provides another means of relief from the settlement order. The rule states that it "does not limit the power of a court to entertain an *independent action* to relieve a party from a judgment, order, or proceeding. CR 60(c) (emphasis added). Relief under CR 60(c) "assume[s] that a party will commence a separate action." Krueger Eng'g, Inc. v. Sessums, 26 Wn. App. 721, 724, 615 P.2d 502 (1980).

Hartnett cites no independent action that has been commenced that would permit the court to invoke CR 60(c). The only mention of CR 60(c) in Hartnett's trial motion was in a footnote without any additional explanation. The only basis for CR 60(c) cited in Hartnett's brief on appeal is RCW 51.52.130, an attorney and witness fee statute. The trial court did not abuse its discretion in denying Hartnett's motion to vacate under CR 60(c).

Affirmed.

_Birk, J._

WE CONCUR:

_Coburn, J._          _Hazelrigg, ACJ_