[Nos. 13588–4–II; 13589–2–II. Division Two. September 27, 1990.]

THE STATE OF WASHINGTON, *Petitioner,* v. JEANNIE R. FRIEND, *Respondent.*

THE STATE OF WASHINGTON, *Petitioner,* v. LARRY HARRIS, *Respondent.*

*John W. Ladenburg, Prosecuting Attorney,* and *Kyron J. Huigens, Deputy,* for petitioner.

*John S. Abolofia* and *Abolofia & Hershman,* for respondents.

WORSWICK, J.—We are asked to decide whether the district court may impose costs on a criminal defendant who successfully petitions for deferred prosecution under RCW 10.05. Plainly it may not.

Jeannie Friend and Larry Harris were charged separately with driving while under the influence of intoxicating liquor (RCW 46.61.502). Each sought deferred prosecution under RCW 10.05.010[1] in district court, and the petition of each was granted. Friend thereupon was assessed costs of $150, and Harris $400.[2] The Superior Court reversed, holding that the district court has no authority to impose such costs. We accepted discretionary review because of the significance of the issue. RAP 2.3(d). We affirm the Superior Court.

■■ Deferred prosecution status is authorized by statute, and the district court's authority to impose conditions on deferred prosecution must be authorized by statute. *State v. Wright,* 54 Wn. App. 638, 640–41, 774 P.2d 1265 (1989). Nothing in the deferred prosecution statute itself authorizes the imposition of such costs. *See generally* RCW 10.05. RCW 10.05.140 lists various conditions that may be imposed on deferred prosecution defendants. Costs are not among them. RCW 10.05.170 permits the court to order supervision of a petitioner during the period of deferral; costs are not mentioned. This express inclusion of certain conditions by the Legislature excludes the implication of others not included. *State v. Wright,* 54 Wn. App. at 642; *Norris v. State,* 46 Wn. App. 822, 825, 733 P.2d 231 (1987).

---

[1]RCW 10.05.010 provides in part: "In a court of limited jurisdiction a person charged with a misdemeanor or gross misdemeanor may petition the court to be considered for a deferred prosecution program. . . ."

[2]The nature of these "costs" was never clearly defined for us, nor was the reason for the discrepancy in their amounts explained.

The general statute allowing the district court to impose costs (RCW 10.01.160) refers only to *convicted* defendants.[3] By definition, deferred prosecution defendants have not even been prosecuted, much less convicted.

 The State mounts several arguments that all lead to the same conclusion: we should ignore the plain language of the statutes. The suggestion is either naive or disingenuous. We are a court, not a legislature. We will not construe, much less rewrite, unambiguous statutes such as RCW 10.01.160. *Northwest Steel Rolling Mills, Inc. v. Department of Rev.,* 40 Wn. App. 237, 240, 698 P.2d 100, *review denied,* 104 Wn.2d 1006 (1985); *Longview Fibre Co. v. Cowlitz Cy.,* 55 Wn. App. 309, 311, 777 P.2d 556 (1989), *aff'd,* 114 Wn.2d 691 (1990). We will give undefined statutory terms (*e.g.,* "convicted") their ordinary dictionary meaning. *Northwest Steel Rolling Mills,* 40 Wn. App. at 240. We will not fill in this gap, if indeed it is a gap, or any gap left by the Legislature. *Jenkins v. Bellingham Mun. Court,* 95 Wn.2d 574, 579, 627 P.2d 1316 (1981).

Affirmed.

ALEXANDER, C.J., and PETRICH, J., concur.

---

[3]RCW 10.01.160, part of the general provisions of criminal procedure, states in part: "(1) The court may require a convicted defendant to pay costs.

"(2) Costs shall be limited to expenses specially incurred by the state in prosecuting the defendant. They cannot include expenses inherent in providing a constitutionally guaranteed jury trial or expenditures in connection with the maintenance and operation of government agencies that must be made by the public irrespective of specific violations of law. Expenses incurred for serving of warrants for failure to appear and jury fees under RCW 10.46.190 may be included in costs the court may require a convicted defendant to pay."