[No. 13006–8–II.   Division Two.   December 10, 1990.]

THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent,* v. AMERICAN ADVENTURES, INC., ET AL, *Appellants.*

*Wayne L. Williams* and *Rolland, O'Malley & Williams, P.S.,* for appellants.

*Kenneth O. Eikenberry, Attorney General,* and *Jerome E. Westby, Assistant,* for respondent.

WORSWICK, J.—We hold that the Department of Labor and Industries may not assess employers, self–insured under RCW 51.14, for self–insured program administrative costs attributable to years before the employers came into the program.

The employers here, 14 in all, became self–insured in 1984. Although they paid other costs incident to their entry into the program, they balked at having to pay a portion of previously unrecovered administrative costs for 1982 and 1983. These costs were not recovered in 1982 and 1983 because the Department had underestimated the costs for those years, and had not collected enough from program participants during those years. The Board of Industrial Insurance Appeals reversed the Department's order, but the Superior Court held that the Department was correct. We reverse the Superior Court.

The Department's authority to assess self–insurers for administrative costs derives from RCW 51.44.150, which states in part:

The director shall impose and collect assessments each fiscal year upon all self–insurers in the amount of the *estimated costs of administering their portion of this title during such fiscal year.* The time and manner of imposing and collecting

assessments due the department shall be set forth in regulations promulgated by the director in accordance with chapter 34.05 RCW.

(Italics ours.) On its face, the italicized language precludes the assessment of costs not collected for years when these employers were not yet self-insurers. This should end the matter, for we will not construe unambiguous statutes. *Northwest Steel Rolling Mills, Inc. v. Department of Rev.*, 40 Wn. App. 237, 240, 698 P.2d 100, *review denied*, 104 Wn.2d 1006 (1985).

■ The Department argues, though, that the Legislature must have contemplated over- and under-collections, and therefore adjustments of the kind it ordered here, because it authorized the assessment of "estimated" costs. The Department, therefore, urges us not to give a "restrictive" reading to the statute. We reject this argument. We read what a statute says, and we do not read into it what simply is not there. *Jenkins v. Bellingham Mun. Court*, 95 Wn.2d 574, 579, 627 P.2d 1316 (1981). The assessment of estimated costs is restricted by the statute's own terms to a given "fiscal year." The Department's authority does not extend beyond the statute. *Cf. State v. Friend*, 59 Wn. App. 365, 797 P.2d 539 (1990) (nothing in deferred prosecution statute permitted District Court to impose costs on deferred prosecution defendant).

Nothing in the Department's own regulations supports its argument, either.[1] The Department adopted WAC 296-15-060, "administrative cost assessment",[2] that mirrors the

---

[1] The regulations would, of course, be invalid if they exceeded the statutory grant of authority. *Van Dyk v. Department of Rev.*, 41 Wn. App. 71, 702 P.2d 472, *review denied*, 104 Wn.2d 1014 (1985).

[2] WAC 296-15-060 states in part:
"(1) Assessments levied by the department against each self-insurer shall be based on the self-insured employer's proportionate share of the administrative costs determined to be attributable to self-insurers . . ..
"(2) The director shall determine the assessment rate on a fiscal year basis prescribing the self-insured employer's share of the attributable costs determined pursuant to the provisions of subsection (1). . . .
" . . . .

statute's emphasis on proportionate shares attributable to self–insurers for costs of administering the program. Another statutory provision, RCW 51.14.020(4), requires that any employer who seeks to become self–insured, and who has previously been insured with the state fund, make up his share of any deficit in the state fund as a condition of self–insurer certification. The gist of these statutes and regulations is to make a self–insurer responsible for a proportionate share attributable to its participation in the self–insurance program and also to its period of participation in the state fund. They contain nothing intimating that the Department may assess self–insurance participants for miscalculations that predate their membership in the program.

The Department argues further that we must give RCW 51.44.150 a liberal interpretation to advance the remedy provided by the Industrial Insurance Act and to conform to the spirit as well as the letter of the act. This argument is misplaced. The authorities supporting this proposition hold only that the Industrial Insurance Act is to be liberally construed to ensure that those covered (injured workers) are provided certain and expedient relief. *See Lloyd's of Yakima Floor Ctr. v. Department of Labor & Indus.*, 33 Wn. App. 745, 748, 662 P.2d 391 (1982); *Gaines v. Department of Labor & Indus.*, 1 Wn. App. 547, 552, 463 P.2d 269 (1969). Worker benefits are not the issue in this case.

Lastly, the Department argues that *Crown Zellerbach Corp. v. Department of Labor & Indus.*, 98 Wn.2d 102, 653 P.2d 626 (1982), in which our Supreme Court interpreted the Department's authority under the identical statute,

---

"(4) A self–insured employer who has, or shall hereafter, voluntarily, or involuntarily, surrender his certification as a self–insurer shall pay an adjusted administrative assessment. The amount of this adjusted administrative assessment will be determined annually and shall represent such self–insurer's portion of the administrative assessment which can be attributed directly to the operational costs of the self–insurance section. . . ."

supports a more expansive view of that authority. We disagree. In *Crown Zellerbach,* the court held that the Department could include in administrative expense assessments against a self–insured employer the cost of handling claims filed by the employer's workers that were attributable to years during which the employer was a participant in the state fund. *Crown Zellerbach,* 98 Wn.2d at 107. The Department relies upon the following excerpt:

> Undoubtedly there are other bases that could have been used to assess the administrative costs. The method used, however, fairly apportions *estimated* administrative costs among the self–insured employers. The method of estimating the administrative costs attributable to appellant as reflected in WAC 296–15–060 need only be reasonably consistent with RCW 51.44.150 to be valid.

*Crown Zellerbach,* 98 Wn.2d at 107. The Department ignores what the court said earlier. The employer had resisted liability for administrative costs incurred for claims handled while it had been a state fund participant. Determining that the employer was responsible for those costs even after becoming a self–insurer, the court stated:

> The only sensible conclusion to draw regarding RCW 51.44.150 is that the Legislature did not intend to permit an employer to escape paying the administrative costs attributable to continuing State fund claims simply by becoming a self–insured employer. Adopting [Crown Zellerbach's] construction of the statute would lead to this incongruous result as well as an inequitable and unjust situation. If the *costs of administering* State fund claims of self–insurers are not a component of administrative costs to be assessed against self–insurers, then employers remaining in the State fund would be paying not only the costs of administering their claims but also those State fund claims of employers who have since become self–insured.

*Crown Zellerbach,* 98 Wn.2d at 107. The court simply read RCW 51.44.150 to hold employers responsible for costs attributable to them, and, likewise, to spare them costs that are not theirs. This reading is not contrary to the statutory

language. The *Crown Zellerbach* holding supports the employers' argument, not the Department's.[3]
Reversed.

ALEXANDER, C.J., and MORGAN, J., concur.

---

[3]The Department's reliance on *Washington State Sch. Directors Ass'n v. Department of Labor & Indus.,* 82 Wn.2d 367, 510 P.2d 818 (1973) is also misplaced. The case deals only with a broadside attack on a legislative scheme by a new class of employers. The court was not called upon to—and it did not—determine the specific application of statutory provisions.