[No. 16203-2-II.    Division Two.    June 2, 1994.]

JANE DOE, ET AL, *Appellants*, v. FIFE MUNICIPAL COURT, ET AL, *Respondents*.

JANE ROE, ET AL, *Appellants*, v. TACOMA MUNICIPAL COURT, ET AL, *Respondents*.

JOHN DOE, ET AL, *Appellants*, v. PUYALLUP MUNICIPAL COURT, ET AL, *Respondents*.

JOHN ROE, ET AL, *Appellants*, v. PIERCE COUNTY DISTRICT COURT, ET AL, *Respondents*.

---

*John S. Abolofia, Gary M. Clower,* and *John A. Strait,* for appellants.

*Michael C. Walter* and *Keating, Bucklin & McCormack,* for respondents Puyallup.

*William Barker, City Attorney,* and *Joseph M. Diaz, Assistant,* for respondents Tacoma.

*John W. Ladenburg, Prosecuting Attorney,* and *Douglas W. Vanscoy, Deputy,* for respondents Pierce.

*Scott A. Kallander, John P. Erlick,* and *Cozen & O'Connor,* for respondents Fife.

ALEXANDER, J. — John Doe, Jane Roe, John Roe, and Jane Doe (Does)[1] appeal an order of the Pierce County Superior Court granting summary judgment to various courts of limited jurisdiction and governmental entities (Limited Courts), dismissing the Does' claims against the Limited Courts for recovery of "court costs" the Does paid as a condition of deferred prosecution. We affirm.

The Does were charged in various Pierce County courts of limited jurisdiction with alcohol related criminal offenses.[2] The Does separately petitioned the courts in which they were charged for consideration for a deferred prosecution program. *See* RCW 10.05.[3] Their petitions were all granted,

---

[1]Each of the Appellants obtained an order from the Pierce County Superior Court authorizing them to maintain their suit anonymously.

[2]John Doe was charged in Puyallup Municipal Court with "driving while under the influence of intoxicating liquor". Jane Roe was charged in Tacoma Municipal Court with "driving while intoxicated". John Roe was charged in Pierce County District Court with "driving a motor vehicle while under the influence of intoxicating liquor". Jane Doe was charged in Fife Municipal Court with assault and resisting arrest.

[3]RCW 10.05.010 provides in part as follows:

"In a court of limited jurisdiction a person charged with a misdemeanor or gross misdemeanor may petition the court to be considered for a deferred prosecution program."

RCW 10.05.020(1) provides in part as follows:

"The petitioner shall allege under oath in the petition that the wrongful conduct charged is the result of or caused by alcoholism, drug addiction, or mental problems for which the person is in need of treatment . . .".

each on the condition that the petitioner enter an alcohol treatment program and pay court costs. Their respective obligations for court costs ranged from $100 to $350. The Does each paid the court costs and entered alcohol treatment programs as a condition of the deferred prosecution. No appeals were taken from any of the orders granting their petitions for deferred prosecution and assessing court costs.[4]

The Does separately filed suit in Pierce County Superior Court against the Limited Courts seeking a refund of court costs and injunctive relief. They all moved to have their lawsuits proceed as a class action suit; however, a class has not yet been certified by court order.[5]

All of the Does' lawsuits were consolidated for argument before a judge of the Pierce County Superior Court. The Does each alleged there that the imposition of court costs as a condition of deferred prosecution was not authorized by RCW 10.05 and, therefore, each of the courts of limited jurisdiction erred in assessing the costs. The Limited Courts all moved for a summary judgment of dismissal, asserting that they had implied authority to impose the costs and that, in any case, the Does' claims were barred by the statute of limitations, collateral estoppel, res judicata, judicial immunity, and/or the failure of the Does to avail themselves of the remedy provided by CrRLJ 7.8.[6]

The trial court granted a summary judgment to the Limited Courts and dismissed the Does' actions. In reaching its decision, the trial court took note of this court's decision in *State v. Friend*, 59 Wn. App. 365, 797 P.2d 539 (1990), in

---

[4]At least three of the prosecutions were dismissed, pursuant to the provisions of RCW 10.05.120, before the present action was filed in superior court. Presumably they were dismissed because those appellants completed their respective alcohol treatment programs.

[5]The Does asserted in their brief that they reached an informal agreement with all of the Limited Courts to reserve their motions for class certification until a decision was reached on the issues in this appeal.

[6]The Limited Courts have not argued on appeal, as they did at the trial court, that the Does' lawsuit is barred by the statute of limitations or that they had implied authority to impose court costs. Because they have provided no argument on these issues, we have not addressed them. RAP 10.3(a)(5).

which we held that RCW 10.05 did not, at that time, authorize courts of limited jurisdiction to impose court costs on defendants who successfully petitioned for deferred prosecution.[7] The trial court nevertheless concluded that the Does were barred from recovering the court costs in an independent suit against the Limited Courts because the Does had not appealed the orders granting their petitions for deferred prosecution or moved, pursuant to CrRLJ 7.8(b)(4), to vacate what they each now claim are void judgments. It also denied the Does' request for injunctive relief, concluding that the Limited Courts were already on notice of our holding in *Friend* that assessment of court costs in deferred prosecutions was not authorized by statute. The Does each appealed to the Supreme Court. That court consolidated the appeals and transferred them to us for review.

■ The underlying issue on appeal is whether the Superior Court erred in granting summary judgment to the Limited Courts. We review summary judgment orders de novo and engage in the same inquiry as the trial court. *Wilson v. Steinbach*, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982). Summary judgment is warranted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c); *Yakima Cy. (W. Vly.) Fire Protec. Dist. 12 v. Yakima*, 122 Wn.2d 371, 381, 858 P.2d 245 (1993).

## I

The Limited Courts contend, initially, that the Does' lawsuit to recover court costs is, in reality, a collateral attack on the orders that the various courts of limited jurisdiction entered requiring payment of court costs as a condition of deferred prosecution and is, thus, barred by the doctrine of collateral estoppel. Collateral estoppel, or issue preclusion, bars a party from relitigating an issue that was already litigated and decided in a prior proceeding. The elements of issue preclusion are as follows:

---

[7]The Legislature has since amended RCW 10.05.140 to allow courts of limited jurisdiction to impose court costs in deferred prosecutions as long as the costs do not exceed $150 (Laws of 1991, ch. 247, § 1). RCW 10.01.160.

(1) identical issues; (2) a final judgment on the merits; (3) the party against whom the plea is asserted must have been a party to or in privity with a party to the prior adjudication; and (4) application of the doctrine must not work an injustice on the party against whom the doctrine is to be applied.

In addition, the issue to be precluded must have been actually litigated and necessarily determined in the prior action.

(Citations omitted.) *Shoemaker v. Bremerton*, 109 Wn.2d 504, 507-08, 745 P.2d 858 (1987) (quoting *Malland v. Department of Retirement Sys.*, 103 Wn.2d 484, 489, 694 P.2d 16 (1985)).

■ The Does respond that the portions of the orders of the courts of limited jurisdiction requiring them to pay costs as a condition of deferred prosecution are void judgments and, as such, are subject to collateral attack. The Does correctly observe that a void judgment is always subject to collateral attack. *Bresolin v. Morris*, 86 Wn.2d 241, 245, 543 P.2d 325 (1975). We will, therefore, first address the issue of whether the portions of the various orders of the courts of limited jurisdiction assessing court costs against the Does are void judgments.

■■ A judgment is considered void as opposed to merely erroneous when "the court lacks jurisdiction of the parties or the subject matter or lacks the inherent power to enter the particular order involved". *Bresolin*, at 245. A void judgment must be vacated whenever the lack of jurisdiction comes to light. *Mitchell v. Kitsap Cy.*, 59 Wn. App. 177, 180-81, 797 P.2d 516 (1990).

The critical question here is whether the judgment ordering payment of court costs was void or merely erroneous.[8] As we have observed, if the judgments were void, then the Does are not collaterally estopped from maintaining an independent action to recover the costs. If, however, the judgments were merely erroneous, then the Does' action could be barred by principles of collateral estoppel.

The Washington Supreme Court discussed the difference between a void judgment and an erroneous judgment in

---

[8]Although we are not bound by its conclusion, we note that the trial court found that the judgment requiring the Does to pay court costs was void.

some detail in *Dike v. Dike*, 75 Wn.2d 1, 448 P.2d 490 (1968). The court quoted with approval language from *Robertson v. Commonwealth*, 181 Va. 520, 536, 25 S.E.2d 352, 146 A.L.R. 966 (1943), regarding how a void judgment can be distinguished from an erroneous judgment. The court in *Dike* quoted *Robertson* as follows:

> [A] void judgment should be clearly distinguished from one which is merely erroneous or voidable. There are many rights belonging to litigants — rights which a court may not properly deny, and yet if denied, they do not render the judgment void. Indeed, it is a general principle that where a court has jurisdiction over the person and the subject matter, no error in the exercise of such jurisdiction can make the judgment void, and that a judgment rendered by a court of competent jurisdiction is not void merely because there are irregularities or errors of law in connection therewith.

*Dike*, 75 Wn.2d at 8 (quoting *Robertson*, 181 Va. at 536). Consistent with *Dike*, Division One of this court recently noted that a void judgment is one that "exceed[s] . . . statutory authority" while an erroneous judgment is one that "erroneous[ly] interpret[s] . . . the statute . . .". (Italics omitted.) *Marley v. Department of Labor & Indus.*, 72 Wn. App. 326, 334, 864 P.2d 960 (1993).

The Limited Courts contend that the judgments here were merely erroneous because the courts had personal jurisdiction over the parties and subject matter jurisdiction over the cause of action. Although the Limited Courts correctly observe that the various courts of limited jurisdiction had personal jurisdiction over the Does as well as subject matter jurisdiction to determine the alcohol related criminal offense cases and the petitions for deferred prosecution, they did not have subject matter jurisdiction to impose the costs. That is made clear by *Friend* where we said: "Nothing in the deferred prosecution statute itself authorizes the imposition of such costs." 59 Wn. App. at 366. The costs that were imposed by the courts of limited jurisdiction were clearly not authorized by statute, and, therefore, the imposition of these costs was in excess of the statutory authority of the courts.

Although we recognize that the judgments of the courts of limited jurisdiction were not entirely void, one portion of an order or judgment can be considered void if a court acted without jurisdiction as to a portion of that order or judgment. *In re Marriage of Leslie*, 112 Wn.2d 612, 618-21, 772 P.2d 1013 (1989). In *Leslie*, the trial court had awarded relief that exceeded the relief requested in the complaint, and the court held that only "that portion" of the judgment was void. *Leslie*, at 618. That is the case here. The deferred prosecution orders were valid except for the portion of the judgments imposing costs, which was void.

■ The Limited Courts contend, finally, that the Does could have directly appealed the imposition of court costs and that their failure to do so should bar their suits to recover the costs. Even assuming that an appeal would lie, cases permitting a void order to be collaterally attacked do not appear to require that a direct appeal be exhausted or even pursued. *See Bresolin*.[9]

## II

The Limited Courts also contend that even if the Does' claim is not barred by collateral estoppel or their failure to appeal, their independent action should be barred on the basis that they did not avail themselves of what the Limited Courts allege is the exclusive remedy for relief provided in CrRLJ 7.8(b)(4). The issue we are presented with is whether CrRLJ 7.8 provides the exclusive mechanism for a party to collaterally attack a void judgment or order issued by a court of limited jurisdiction in a criminal case. We conclude that it does.

CrRLJ 7.8 provides in part as follows:

### RELIEF FROM JUDGMENT OR ORDER

. . . .

**(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc.** *On motion and upon such*

---

[9]Because we conclude that the judgment of court costs was void, we need not address the Does' additional arguments that the order requiring payment of court costs also amounted to an unconstitutional or illegal tax or fee and/or a coerced payment. Neither is it necessary for us to address their contention that even if the order imposing court costs here was subject to collateral estoppel, the collateral estoppel factors would weigh against the Limited Courts asserting it as a bar.

*terms as are just, the court may relieve a party from a final judgment, order, or proceeding for the following reasons*:

(1) Mistakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order;

(2) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 7.5;

(3) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) *The judgment is void*; or

(5) Any other reason justifying relief from the operation of the judgment.

The motion shall be made within a reasonable time and for reasons (1) and (2) not more than 1 year after the judgment, order, or proceeding was entered or taken, and is further subject to RCW 10.73.090, .100, .130, and .140. A motion under this section does not affect the finality of the judgment or suspend its operation.

(Italics ours.)

██ Court rules are to be interpreted in the same manner as statutes. *State v. Greenwood*, 120 Wn.2d 585, 592, 845 P.2d 971 (1993). A court must interpret a rule as it is written and may not read into it things that it may conceive that the drafters have left out. *Waite v. Morisette*, 68 Wn. App. 521, 525, 843 P.2d 1121, *review denied*, 122 Wn.2d 1006 (1993). Our function is to ascertain what the drafters did, not conjecture what they could have done. *State v. Hastings*, 115 Wn.2d 42, 47, 793 P.2d 956 (1990).

The Does present several arguments as to why CrRLJ 7.8 should not be interpreted to be their exclusive remedy. We will address each of these arguments.

A

██ The Does assert initially that CrRLJ 7.8(b) is a postconviction remedy and because they were not convicted of any crime, the rule has no applicability. We disagree. The rule provides that it exists to enable a party to obtain relief from judgments or orders, not merely convictions. CrRLJ 7.8.

B

The Does' primary argument that CrRLJ 7.8(b) is not the exclusive remedy is by reference to CR 60. They contend

that their right to bring an independent action to challenge a void order or judgment is recognized in CR 60, which provides in part as follows:

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc.** On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
>
> . . . .
>
> (5) The judgment is void;
>
> . . . .
>
> **(c) Other Remedies.** This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding.

In our judgment, CR 60 has no application in this case. It is a civil rule and when rules are set out in detail in criminal rules, they need not be supplemented by civil rules. *State v. Pawlyk*, 115 Wn.2d 457, 476-77, 800 P.2d 338 (1990). CrRLJ 7.8 fully sets out the procedure to be employed in vacating void judgments and, thus, it is not to be supplemented by CR 60.

Furthermore, an examination of CR 60(c) together with CrRLJ 7.8 leads us to the conclusion that the Supreme Court intended to make CrRLJ 7.8 an exclusive remedy. We reach that conclusion because CrRLJ 7.8 does not contain a provision equivalent to CR 60(c), which provides that the rule does not limit a court's ability to entertain an independent action to relieve a party from a judgment or order. The lack of an equivalent provision in CrRLJ 7.8 suggests that the criminal rule was intended as the exclusive mechanism for a party to obtain relief from a judgment or order, and that an independent civil action is, thus, barred. *See Waite*, at 525.

Our determination that CrRLJ 7.8 is the sole mechanism for a party to move to vacate a void judgment or order issued by a court of limited jurisdiction finds support in other provisions in the criminal rules for the courts of limited jurisdiction. For example, CrRLJ 1.1 provides: "These rules govern the procedure in the courts of limited jurisdiction . . . in *all* criminal proceedings . . .". (Italics ours.) In addition, CrRLJ 1.2 provides: "These rules are intended to provide for the just

determination of *every* criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration, effective justice, and the elimination of unjustifiable expense and delay." (Italics ours.)

Our conclusion is also buttressed by the strong policy reason that judicial resources are employed more efficiently if the party who asserts a judgment or order as being void is first required to address its concerns to the court that issued the judgment or order. Clearly, the district or municipal court that issued the order or judgment that is being characterized as being void will be in the best position to assess the merits of the movant's argument. If the motion to vacate the judgment is denied and the movant is dissatisfied with the decision of the court of limited jurisdiction, he or she may then appeal the ruling to the superior court. *See* RALJ 2.2(a) ("A party may appeal from a final decision of a court of limited jurisdiction . . . . [A] final decision includes . . . an order granting or denying a motion for . . . amendment of judgment . . .".); *cf. Krueger Eng'g, Inc. v. Sessums*, 26 Wn. App. 721, 722, 615 P.2d 502 (1980) (motion to amend judgment includes a party's motion to vacate a portion of a judgment); *Leen v. Demopolis*, 62 Wn. App. 473, 478, 815 P.2d 269 (1991) (courts have nondiscretionary duty to vacate void judgment), *review denied*, 118 Wn.2d 1022 (1992). Finally, restricting motions to vacate void criminal judgments to the courts that issued them gives those courts the opportunity to correct their mistakes. *Cf. Ryan v. Westgard*, 12 Wn. App. 500, 510, 530 P.2d 687 (1975).

## C

The Does next contend that CrRLJ 7.8(b) provides inadequate and ineffective relief for large numbers of people who are attempting to recoup court costs that were allegedly wrongfully assessed. In that regard, they argue that the district and municipal courts do not have jurisdiction to hear class action suits, award "money-had-and-received" damages or provide injunctive relief in this case. We reject these arguments. We see no barrier to a party obtaining effective relief, even in the absence of a class action suit. The mere fact that the Does might be unable to maintain a class action suit

does not preclude their ability to recover the overpaid costs. Indeed, the procedure each of the Does would have to follow to obtain relief is quite simple. We are also not persuaded by the Does' argument that the district and municipal courts will be overwhelmed with litigants. As to the Does' claim that the courts of limited jurisdiction cannot award "money-had-and-received" damages, the Does provide no support for this proposition, nor can we find any. We, therefore, decline to consider it. RAP 10.3(a)(5).

## D

Finally, the Does assert that new amendments to CrRLJ 7.8(b), which became effective on September 1, 1991, restrict its availability as a remedy in this case. The new amendments include a reference in CrRLJ 7.8 to RCW 10.73.090 and .100. RCW 10.73.090 established a 1-year time limit for motions to collaterally attack a judgment in a criminal case. In our judgment, CrRLJ 7.8(b) would still be available to the Does because the new 1-year time limit imposed on a party's motion to collaterally attack a judgment does not apply if "[t]he sentence imposed was in excess of the court's jurisdiction . . .". RCW 10.73.100(5). Because that is the claim here, the new statutes do not affect the availability of CrRLJ 7.8 as a remedy to the Does. *See Mitchell*, at 180-81 (void judgment must be vacated whenever lack of jurisdiction comes to light).

## III

Because we conclude that the Does' exclusive remedy for relief is in the courts of limited jurisdiction that imposed the court costs, we need not address the argument of the Limited Courts that the Does' independent actions are barred by the doctrine of judicial immunity.

Affirmed.

SEINFELD, A.C.J., and HOUGHTON, J., concur.

Reconsideration denied August 25, 1994.

Review denied at 125 Wn. 2d 1024 (1995).