# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| NICHOLAS E. BOONE, and all others similarly situated, | ) ) ) | |
| | ) | No. 76611-2-I |
| Appellant, | ) ) | |
| | ) | DIVISION ONE |
| v. | ) ) | |
| CITY OF SEATTLE, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | FILED: July 9, 2018 |

SPEARMAN, J. — Nicholas E. Boone exceeded the speed limit in a school zone and received a notice of infraction. He paid the ticket without contest and the municipal court entered a judgment against him. Boone brought a class action lawsuit in superior court seeking (1) a declaration that the school zone was improperly signed and (2) restitution of fines paid. The superior court dismissed Boone's restitution claim, ruling that plaintiffs could only seek a refund of fines paid in municipal court through a motion in that court to vacate the judgment. It also dismissed his claim for declaratory relief as moot because the allegedly improper signs had already been changed and no monetary relief was available.

We conclude that the trial court did not err. It is well settled that the municipal court has exclusive original jurisdiction over traffic infraction cases; that

the exclusive means to vacate a municipal court judgment is through a motion in that court; and that a claim may properly be dismissed as moot if the court cannot provide effective relief. Affirmed.

## FACTS

In February 2014, a traffic safety camera recorded Boone driving 27 miles per hour (mph) in a school zone. A sign at the school zone listed the speed limit as 20 mph "WHEN LIGHTS ARE FLASHING." Clerk's Papers (CP) at 691. Boone paid the ticket without contest and the municipal court entered a judgment of infraction against him.

In June 2014, the Seattle Times ran an article about a school speed zone case. In City of Seattle v. Hunt, No. 13-2-25366-6 SEA, a driver contested his notice of infraction, arguing that signage at the speed zone did not provide adequate notice and he could not see or read the signs in time to slow down. Hunt argued in part that the WHEN LIGHTS ARE FLASHING sign did not comply with the federal Manual on Uniform Traffic Control Devices (MUTCD). The municipal court rejected this argument but, on appeal, the superior court reversed, ruling that the sign failed to comply with the MUTCD. The day after the Seattle Times ran its article on the Hunt case, Boone sent the City a notice of claim, a prerequisite to this action.

The City's position was that the signs complied with the MUTCD and Hunt was wrongly decided.[1] Nevertheless, following the publicity around Hunt, the City

---

[1] The City was unable to appeal as a matter of right because the amount in controversy did not meet the statutory minimum. RCW 2.06.030. See also RCW 2.04.010.

2

changed the signs to read "WHEN FLASHING." CP at 380, 748. The City's traffic engineer stated that he had the signs replaced because he did not want drivers who learned about the Hunt decision to believe they could disregard school zone speed limits. The signs were replaced on August 9, 2014.

On August 18, Boone filed the complaint in this action in King County Superior Court. He proposed to represent a class of plaintiffs who received infractions at school zones with signs reading WHEN LIGHTS ARE FLASHING. Boone alleged that the City had improperly collected over $10 million dollars through fines in these school zones. He sought declaratory relief and restitution of fines paid. Boone filed a motion for class certification. The trial court granted class certification as to Boone's declaratory claim but reserved ruling on certification of Boone's restitution claim.

The parties filed cross motions for summary judgment. Boone relied on Hunt to argue that the signage was improper and his declaratory claim should be granted as a matter of law. Boone reserved the issue of remedy or relief, asserting that equitable relief in the form of restitution would flow from a declaration that the City systematically used improper signs.

The City argued that its signs complied with all applicable laws and Boone's entire complaint should be dismissed on this ground. Alternatively, the City asked the court to dismiss Boone's restitution claim. The City argued that, because this claim amounted to an attack on the judgment of the municipal court, it could only be brought in municipal court. And, the City contended that even if the wording of the City's sign was technically incorrect, equitable relief in the form

3

of restitution was not available to Boone because he had not suffered an injustice. It pointed out that Boone did not dispute speeding in the school zone or claim that he did not see or could not read the sign.

In its oral ruling, the superior court first noted that there was no dispute that it had jurisdiction over Boone's declaratory claim. But because it found disputed issues of material fact, it denied the parties' motion for summary judgment on that claim. Id. at 81. As to the restitution claim, the court ruled that the issue was not properly before it and found no basis to aggregate the proposed plaintiffs' claims on this issue. The court's order states that Boone's refund claim is barred as res judicata in superior court and "[p]laintiffs' refund claims must be brought in municipal court. . . ." CP at 779.

Boone moved for a jury trial on his declaratory claim and a trial date was set. Before trial, however, the City moved to dismiss the claim as moot. The City argued that the language on the signs had been changed before Boone filed his complaint and any dispute over whether the former signs complied with the law was purely academic. And, the City asserted, because the exclusive means for plaintiffs to obtain a refund was through a motion in municipal court, no monetary relief would flow from a declaratory judgment. The court granted the City's motion and dismissed Boone's declaratory claim.

## DISCUSSION

Boone appeals the dismissal of his claims. We review the trial court's ruling on a motion to dismiss or a motion for summary judgment de novo, engaging in the same inquiry as the trial court. Becker v. Community Health

4

Systems, Inc., 184 Wn.2d 252, 359 P.3d 746 (2015); Hadley v. Maxwell, 144 Wn.2d 306, 310, 27 P.3d 600 (2001). Boone first contends it was error to dismiss his restitution claim, which he also describes as a claim for disgorgement or a refund. The superior court dismissed this claim for lack of jurisdiction.[2]

Traffic infractions are within the exclusive jurisdiction of the municipal court. RCW 3.50.020. Infraction proceedings are governed by the Infraction Rules for Courts of Limited Jurisdiction (IRLJ). IRLJ 1.1(a). The issuance of a notice of infraction initiates an infraction case. IRLJ 2.2(a). A person who receives a notice of infraction may pay the penalty without contest, request a hearing to contest that the infraction occurred, or request a hearing to explain mitigating circumstances. IRLJ 1.1(b). When the person pays the fine without contest, the court enters "a judgment that the defendant has committed the infraction." IRLJ 2.4(b)(1). A judgment of infraction is a final decision. IRLJ 1.2(e). To obtain relief from judgment, a party must bring a motion under CRLJ 60(b). IRLJ 6.7(a). Under that rule, the court may grant relief from judgment in a number of circumstances, including where the judgment is void. CRLJ 60(b).

We considered the rules for courts of limited jurisdiction in in Doe v. Fife Mun. Court, 74 Wn. App. 444, 874 P.2d 182 (1994). In Doe, courts of limited jurisdiction in Pierce County imposed court costs as a condition of deferred prosecution on alcohol related criminal offenses. Doe, 74 Wn. App. at 446. The Does paid the costs but separately filed suit in superior court seeking an

---

[2] The superior court ruled that plaintiffs must bring refund claims through a motion to vacate in municipal court and the claim was res judicata in superior court.

injunction and refund. Id. at 447. The trial court denied the claim for injunctive relief on the grounds that an appellate court had already put the limited courts on notice that they did not have authority to assess court costs. Id. at 448. As to the refund claim, the court ruled that the Does were barred from recovery because they did not appeal the orders in the limited courts or move for relief from judgment under the appropriate rule. Id. at 448.

On appeal, the Does argued that their municipal court orders were void and therefore subject to collateral attack in the superior court. Id. at 449. We agreed that those portions of the orders that imposed costs were void. Id. at 451. We held, however, that a motion in the limited court under the applicable rule provided the "sole mechanism for a party to move to vacate a void judgment. . . ."[3] Id. at 453. Because the plaintiffs' exclusive remedy was in the courts of limited jurisdiction, their superior court action was barred. Id. at 455.

The same is true in this case. If, as Boone asserts, the City lacked authority to issue citations at improperly signed school zones, the municipal court judgment is void. The exclusive means to vacate a void judgment is through a motion under CRLJ 60(b). The trial court did not err in ruling that Boone and similarly situated plaintiffs had to bring refund claims in municipal court.

Boone raises several theories to argue against this result. He first argues that his claim for monetary relief is based on his claim for a declaratory judgment and is thus within the jurisdiction of the superior court. But the cases Boone relies

---

[3] The Doe court examined the criminal rules for courts of limited jurisdiction (CrRLJ). This case involves the civil rules for courts of limited jurisdiction (CRLJ). The rules concerning vacating a judgment are identical in all relevant respects. See CrRLJ 7.8, CRLJ 60.

on are inapposite. Because there was no prior judgment at issue in Nelson v. Appleway Chevrolet, Inc., 160 Wn.2d 173, 157 P.3d 847 (2007) or Orwick v. City of Seattle, 103 Wn.2d 249, 692 P.2d 793 (1984) those cases are of no help to Boone.

Boone next argues that the trial court erred by relying on Doe. Boone argues that Doe is limited to the particular circumstances of that case and should not be applied here to require an entire certified class of plaintiffs to bring actions in municipal court. He asserts that the trial court misapplied Doe by ordering him to vacate his judgment in municipal court before it would hear his declaratory claim. This is unjust, according to Boone, because he cannot vacate his municipal court judgment until the superior court declares that the City's signs were improper. Boone asserts that Doe stands for the proposition that plaintiffs may obtain a declaratory judgment in superior court and then seek to vacate their municipal court judgments.

Boone misconstrues Doe. In Doe, we held that, even where a municipal court judgment is void, the exclusive means to vacate that judgment is through a motion in municipal court. Doe, 74 Wn. App. at 455. The Doe court did not address jurisdiction over declaratory claims or the order of actions in superior and municipal court.

Boone also misconstrues the proceedings below. There was no dispute below that the trial court had jurisdiction over Boone's declaratory claim. The court did not require Boone to vacate the municipal court judgment before it would hear his claim for declaratory relief. And, because the trial court expressly

7

did not certify a class as to Boone's restitution claim, the court did not require an entire certified class to bring actions in municipal court.

Finally, Boone argues that the City is collaterally estopped from arguing that a plaintiff cannot seek a refund in superior court without vacating a fine imposed in municipal court. Collateral estoppel bars a party from relitigating an issue where the party was involved in previous litigation addressing identical issues, the litigation resulted in a final judgment on the merits, and applying collateral estoppel will not work an injustice. Hadley, 144 Wn.2d at 311. Boone relies on Todd v. City of Auburn, C09-1232JCC, 2010 WL 774135 (W.D. Wash. 2010).

In Todd, a class of plaintiffs brought an action against several municipalities, including the City of Seattle, and two private camera companies to invalidate citations issued by automated traffic cameras. Todd, 2010 WL 774135 at *1. The plaintiffs raised a number of theories, including federal constitutional issues, to argue that the fines were excessive and the contracts with the private companies were unlawful. Id. at *1-*2. The federal district court rejected the cities' argument that jurisdiction was proper only in Seattle Municipal Court based on RCW 35.20.010(1). Instead, it found jurisdiction because the plaintiffs' claims concerned alleged system wide violations of statutory requirements and because the municipal court did not have authority to hear the plaintiffs' federal constitutional claims. Id. at *2.

Boone asserts that, because the Todd court found jurisdiction over the claims in that case, the City is estopped from arguing lack of jurisdiction in this

case. The argument is without merit. Although Boone also asserts an issue regarding automated traffic cameras, the similarity with Todd ends there. Boone's claims do not rise to the level of "system-wide violations of statutory requirements in the enforcement of municipal ordinances." Id. Nor does he assert any federal constitutional claims. Because the claims are not identical, Todd did not estop the City from arguing in this case that Boone's refund claim is within the jurisdiction of the municipal court.

The superior court properly dismissed Boone's claim for a refund of the fine paid as part of his municipal court judgment. Such a claim may only be brought through a motion to vacate in municipal court. Because of our resolution of this issue, we do not reach the parties' arguments concerning res judicata as an alternative grounds to dismiss the claim.

Boone next challenges the denial of his motion for summary judgment on his declaratory claim. The denial of a motion for summary judgment, however, is not generally appealable. Sea-Pac Co., Inc., v. United Food and Commercial Workers Local Union 44, 103 Wn.2d 800, 801-02, 699 P.2d 217 (1985). Boone makes no argument for discretionary review. We decline to consider the issue.

Next, Boone challenges the dismissal of his declaratory claim. Claims for declaratory relief must meet "the traditional limiting doctrines of standing, mootness, and ripeness, as well as the federal case-or-controversy requirement." To-Ro Trade Shows v. Collins, 144 Wn.2d 403, 411, 27 P.3d 1149 (2001). A declaratory judgment is only proper where "the court will be rendering a final judgment on an actual dispute between opposing parties with a genuine stake in

the resolution." Id. (citing Diversified Indus. Dev. Corp. v. Ripley, 82 Wn.2d811, 81, 514 P.2d 137 (1973)). A case is moot if a court cannot provide effective relief. Orwick, 103 Wn.2d at 253.

In this case, the City moved to dismiss Boone's declaratory claim as moot, arguing that the allegedly improper signs had been changed and a declaration that the former signs were improper would not provide any meaningful relief. The trial court granted the motion. Boone contends this was error. He asserts that the superior court has jurisdiction over a declaratory claim even when no relief is available.[4]

Boone relies on New Cingular Wireless PCS, LLC v. City of Clyde Hill, 185 Wn.2d 594, 374 P.3d 151 (2016). The issue in that case was whether a declaratory action was proper to challenge a city's action or whether relief was only available through a writ of review. Id. at 598. The New Cingular court held that, in the circumstances of that case, either avenue of relief was available. Id. at 607. In concluding that there was no statutory or constitutional bar to seeking a declaratory judgment, the court quoted RCW 7.24.010, which states in part that "'[c]ourts of record within their respective jurisdictions shall have power to declare rights, status and other legal relations whether or not further relief is or could be claimed.'" Id. at 606-07 (quoting RCW 7.24.010).

---

[4] Boone also argues that the City's motion was barred by judicial estoppel and a King County local rule. Because Boone did not raise these arguments below, they are waived on appeal. RAP 2.5(a).

Boone relies on this quote to argue that the inability to provide relief does not render a declaratory action moot.[5] He is mistaken. Mootness was not at issue in New Cingular. The court may only hear a declaratory claim when the traditional limiting doctrines, including mootness, are satisfied. To-Ro Trade Shows, 144 Wn.2d at 411.

Boone next asserts that his declaratory claim is not moot because equitable relief in the form of disgorgement will flow from a declaratory judgment. He argues that the City's voluntary change to its signs does not remedy its prior conduct in issuing infractions at improperly signed school zones. Id. at 56.

Boone relies on Nelson, in which the Supreme Court held that restitution was available where a company charged customers a tax in violation of statute. Nelson, 160 Wn. 2d at 188. Nelson, however, does not involve a judgment. Boone seeks disgorgement of the penalty paid as part of his municipal court judgment. This claim may only be brought in municipal court. Boone fails to show any separate ground for relief in equity.

Finally, Boone argues that a declaratory judgment is necessary because the City's voluntary change to its signs is not sufficient to ensure that the City complies with the MUTCD in all respects. But Boone asserts that the purpose of his declaratory claim was to recoup fines, not to order the City to change its

---

[5] Boone also relies on New Cingular to assert that Doe was wrongly decided. He argues that, under New Cingular, a party may challenge a city's action through a declaratory claim in superior court rather than through a motion in municipal court. The argument is without merit. New Cingular does not concern a judgment entered in municipal court. And the plaintiff in New Cingular contested the city's notice of violation and exhausted administrative remedies before seeking judicial review. New Cingular, 185 Wn.2d at 598-99.

No. 76611-2/12

signs. Because no monetary relief is available, the claim is moot. Any further allegations concerning the City's compliance with the MUTCD are not part of an actual controversy between parties with a genuine claim for relief. See <u>To-Ro Trade Shows</u>, 144 Wn.2d at 411.

Affirmed.

WE CONCUR:

Spearman, J.

Verellen, J.

Becker, J.