# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| GEORGE KARL, REBECCA ANN, and a class of similarly situated individuals, | No. 50228-3-II |
| Appellants/Cross-Respondents, | |
| v. | |
| CITY OF BREMERTON, | UNPUBLISHED OPINION |
| Respondent/Cross-Appellant. | |

MELNICK, J. — George Karl and Rebecca Ann (collectively Karl) sued the City of Bremerton both personally and on behalf of a class alleging that they received invalid parking citations. Karl argues the City's parking signs, which had a blue background with white lettering, violated state law. He also argues that the City's use of private contractors to enforce parking regulations violated numerous state statutory provisions. We affirm the trial court's dismissal of Karl's claims.

## FACTS

### I. THE CITY'S PARKING ENFORCEMENT

In 1998, the City began contracting with private companies for parking enforcement, including Imperial Parking (Impark). As authorized under the Bremerton Municipal Code, the Bremerton Chief of Police issued a limited commission to Impark employees to enforce parking regulations.

In the early 2000s, the City changed the background of some of the parking signs in its downtown core to "Bremerton blue." Clerk's Papers (CP) at 237. The signs had blue backgrounds with white lettering.

II.     PROCEDURAL HISTORY

In August 2014, Karl received a parking ticket issued by an Impark employee. A Bremerton blue parking sign gave notice. Karl contested his ticket in Bremerton Municipal Court.

At the hearing, Karl argued that the City could not lawfully fine him because the blue signs did not comply with the *Manual on Uniform Traffic Control Devices for Streets and Highways* (Manual),[1] which he argued had been adopted as state law. At the hearing, Karl did not argue that the ticket was unenforceable because it was issued by an Impark employee. The municipal court found the infraction committed and upheld the fine. Karl did not appeal to superior court.

In March 2015, Karl filed a class action against the City in Kitsap County Superior Court, proposing to represent a class of individuals who received tickets pursuant to the City's blue parking signs and/or individuals who received parking tickets issued by third-party private contractors. Karl sought declaratory relief that the City's use of the blue parking signs and private contractors were both unlawful. He sought injunctive relief requiring the City to remove the blue signs and replace them with Manual-compliant signs, and stopping the City from using private contractors. He prayed for monetary relief that required the City to refund amounts paid pursuant to tickets received under blue signs and/or tickets enforced by the private contractors.

The City moved to dismiss the complaint on all claims pursuant to CR 12(b)(6). The trial court granted the motion as to Karl's monetary relief in the form of a refund because "[a]ny request

---

[1] FED. HIGHWAY ADMIN., U.S. DEP'T OF TRANSP., MANUAL ON UNIFORM TRAFFIC CONTROL DEVICES FOR STREETS AND HIGHWAYS (2009 ed., rev. 2012), https://mutcd.fhwa.dot.gov/pdfs/2009r1r2/mutcd2009r1r2edition.pdf.

to recover the fines assessed [was] already . . . litigated under the same defense and should have been appealed to the Superior Court." CP at 661. The court denied the City's motion to dismiss the declaratory and injunctive relief claims because "[t]he Municipal Court could not, as a matter of law, decide the issues of injunctive and declaratory relief." CP at 660.

Karl then moved to certify the class. The trial court granted the request and certified a class under CR 23(b)(2). The court defined the class as:

> Those individuals who were ticketed or will be ticketed as a consequence of the City's issuance of citations in areas containing blue parking signs and the City's use of a private contractor to issue parking citations. The class period begins March 12, 2012 and continues to the completion of this action.

CP at 640.

Karl and the City then brought cross-motions for summary judgment. Karl argued that the blue signs violated state law. The City argued that the blue signs substantially complied with the Manual, but even if the blue signs were unlawful Karl did not have a cause of action. The City also argued that it lawfully used Impark employees to issue parking tickets.

The court ruled that Washington had adopted the Manual and that the blue signs did not substantially comply with the Manual. But the court did not decide whether the City's noncompliance established a cause of action. The court asked for supplemental briefing on whether Karl had a cause of action for either injunctive or declaratory relief regarding the City's blue signs.

The court also ruled that the City's use of private employees to enforce parking violations did not conflict with any state statutes. It granted the City's motion on that issue.

Karl and the City again brought cross-motions for summary judgment. Karl argued that monetary relief flowed from the court's previous order that the blue signs did not substantially comply with state law, that a cause of action existed, and that the City owed restitution damages

to the class. Karl also sought an injunction preventing the City from collecting unpaid fines and penalties from class members. Karl never amended his complaint to reflect this new injunctive relief.

The City argued that no cause of action existed and that Karl was attempting to circumvent the court's previous ruling dismissing his monetary relief claim as res judicata by relabeling his damages sought. The City also argued that Karl's claim for injunctive relief was moot because it was removing the signs.

The City then replaced all of its blue signs with standardized parking signs, which had white backgrounds with either red or green text.[2]

In its final order, the trial court first clarified its rulings up to that point. It had dismissed Karl's claim for monetary relief based on res judicata, but it had not dismissed Karl's claims for declaratory and injunctive relief. It then found that because the City had removed all of its blue signs, the parties had agreed at oral argument that the plaintiff's claim for injunctive relief was now moot and dismissed that claim.[3] Finally, the court ruled that Karl had "not established that a cause of action exist[ed] for declaratory relief by which [he could] challenge the [City's] use of non-compliant parking signage," and it dismissed that claim. CP at 619. Karl appeals.

---

[2] Karl does not challenge the trial court's finding that the City replaced all of the blue signs.

[3] At oral argument on the motion for summary judgment, Karl stated that he hadn't "fully received" the injunctive relief he was seeking. Report of Proceedings (Feb. 6, 2017) at 6.

ANALYSIS

Karl argues that the City's blue parking signs violated state law and that parking citations issued pursuant to the blue signs were invalid. He also argues that the City's use of private contractors violated state law and that parking citations issued by private contractors were invalid. Accordingly, he argues that he is entitled to a refund for all unlawful parking citations. He also argues that he is entitled to injunctive and declaratory relief. We disagree.

I.    LEGAL PRINCIPLES

We review a trial court's CR 12(b)(6) dismissal de novo. *Trujillo v. Nw. Tr. Servs., Inc.*, 183 Wn.2d 820, 830, 355 P.3d 1100 (2015). A dismissal for failure to state a claim under CR 12(b)(6) is appropriate only if "'it appears beyond doubt that the plaintiff can prove no set of facts, consistent with the complaint, which would entitle the plaintiff to relief.'" *Bravo v. Dolsen Cos.*, 125 Wn.2d 745, 750, 888 P.2d 147 (1995) (internal quotations omitted) (quoting *Haberman v. WPPSS*, 109 Wn.2d 107, 120, 744 P.2d 1032 (1987)).

We review an order granting summary judgment de novo, performing the same inquiry as the trial court. *Aba Sheikh v. Choe*, 156 Wn.2d 441, 447, 128 P.3d 574 (2006). "Summary judgment is appropriate only if the pleadings, affidavits, depositions, and admissions on file demonstrate the absence of any genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Sheehan v. Cent. Puget Sound Reg'l Transit Auth.*, 155 Wn.2d 790, 797, 123 P.3d 88 (2005).

We review questions of statutory interpretation de novo. *Flight Options, LLC v. Dep't of Revenue*, 172 Wn.2d 487, 495, 259 P.3d 234 (2011). In interpreting statutes, "[t]he goal . . . is to ascertain and carry out the legislature's intent." *Jametsky v. Olsen*, 179 Wn.2d 756, 762, 317 P.3d 1003 (2014). We give effect to the plain meaning of the statute as "derived from the context of

the entire act as well as any 'related statutes which disclose legislative intent about the provision in question.'" *Jametsky*, 179 Wn.2d at 762 (quoting *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 11, 43 P.3d 4 (2002)).

If a statute's meaning is plain on its face, we must give effect to that meaning as an expression of legislative intent. *Blomstrom v. Tripp*, 189 Wn.2d 379, 390, 402 P.3d 831 (2017). However, if "after this inquiry, the statute remains ambiguous or unclear, it is appropriate to resort to canons of construction and legislative history." *Blomstrom*, 189 Wn.2d at 390. If the statute "uses plain language and defines essential terms, the statute is not ambiguous." *Regence Blueshield v. Office of the Ins. Comm'r*, 131 Wn. App. 639, 646, 128 P.3d 640 (2006). "A statute is ambiguous if 'susceptible to two or more reasonable interpretations,' but 'a statute is not ambiguous merely because different interpretations are conceivable.'" *HomeStreet, Inc. v. Dep't of Revenue*, 166 Wn.2d 444, 452, 210 P.3d 297 (2009) (quoting *State v. Hahn*, 83 Wn. App. 825, 831, 924 P.2d 392 (1996)).

## II.    MONETARY RELIEF

Karl argues that the City's blue parking signs and use of private contractors violated state law and he is entitled to a refund for the unlawful parking citations. We disagree.

Parking infractions are traffic infractions. RCW 46.63.020. Traffic infractions arising under city ordinances are within the exclusive jurisdiction of the municipal court. RCW 3.50.020. Infraction proceedings are governed by the Infraction Rules for Courts of Limited Jurisdiction (IRLJ). IRLJ 1.1(a).

The issuance of a notice of infraction initiates an infraction case. IRLJ 2.2(a). A person who receives a notice of infraction may pay the penalty without contest, request a hearing to contest that the infraction occurred, or request a hearing to explain mitigating circumstances. IRLJ

2.4(b). At a contested hearing, "[i]f the court finds the infraction was committed, it shall enter an appropriate order on its records." IRLJ 3.3(d). A person may appeal a judgment entered at a contested hearing to superior court. IRLJ 5.1; Rules for Appeal of Decisions of Courts of Limited Jurisdiction (RALJ) 1.1(a). The time limit to file such an appeal is 30 days. RALJ 2.5. If the person does not appeal within 30 days, then to obtain relief from that judgment, a party must bring a motion under the Civil Rules for Courts of Limited Jurisdiction (CRLJ) 60(b). IRLJ 6.7(a). Under CRLJ 60(b), the court may grant relief from a judgment in a number of circumstances, including where the judgment is void.

In *Jane Doe v. Fife Municipal Court*, 74 Wn. App. 444, 446-47, 874 P.2d 182 (1994), the plaintiffs did not appeal from orders imposing court costs. Instead, the plaintiffs filed a separate lawsuit in superior court seeking both a refund of court costs and injunctive relief. *Jane Doe*, 74 Wn. App. at 447. The trial court denied the plaintiffs' refund claim because they failed to appeal the orders in the limited jurisdiction courts or move for relief from judgment under the appropriate rule. *Jane Doe*, 74 Wn. App. at 448. The Court of Appeals agreed, recognizing a motion under the applicable rule in the court of limited jurisdiction provided "the sole mechanism for a party . . . to vacate a void judgment or order issued by a court of limited jurisdiction." *Jane Doe*, 74 Wn. App. at 453.

Here, Karl seeks monetary relief in the form of a refund that flows from a previously committed infraction. Karl may not collaterally attack the imposition of fines imposed on him and others by the municipal court for committed traffic infractions in an independent action in superior court. After the 30-day deadline to file an appeal under RALJ 2.5 has passed, the exclusive means for him to vacate the parking tickets allegedly issued contrary to state law is through a CRLJ 60(b)

motion. Therefore, Karl does not have a cause of action because his refund claim could only be brought through a motion to vacate in the limited jurisdiction court.

We want to be clear that we agree with Karl that article IV, section 6 of the Washington State Constitution provides superior courts with jurisdiction for challenges to the legality of municipal court fines. However, this grant of jurisdiction does not provide an independent cause of action to challenge such legality. It simply provides superior courts original jurisdiction "over all claims which are not within the exclusive jurisdiction of another court." *Orwick v. City of Seattle*, 103 Wn.2d 249, 251, 692 P.2d 793 (1984).

In *Orwick*, the Supreme Court recognized that the superior court has "original jurisdiction over claims for equitable relief from alleged system-wide violations of mandatory statutory requirements by a municipal court and from alleged repetitious violations of constitutional rights by a municipality in the enforcement of municipal ordinances." 103 Wn.2d at 251.

In *New Cingular Wireless PCS, LLC v. City of Clyde Hill*, 185 Wn.2d 594, 596-97, 600, 374 P.3d 151 (2016), the court recognized that when certain statutory schemes exist, these procedures require litigants to seek relief through these schemes before they may seek judicial review in superior court.

> The issue . . . focuses on whether specific statutory schemes exist that require alternative procedures, and whether a resolution must first proceed through the specified statutory process before judicial review [in superior court] is sought.
> Stated differently, the focus is whether the legislature has enacted a statutory scheme that diverts the superior courts' jurisdiction into an alternate procedure that a party must use to challenge a municipal fine.

*New Cingular Wireless*, 185 Wn.2d at 600.

Here, Karl does not allege the type of constitutional claims that were at issue in *Orwick*. Nor has Karl shown any other cause of action that enables him to seek restitution for his allegedly invalid parking ticket directly in superior court. Furthermore, specific procedures govern the

contesting of traffic infraction fines, and Karl failed to follow those procedures. His exclusive remedy was to file a CRLJ 60(b) motion. We conclude that the superior court properly dismissed Karl's claims for all forms of monetary relief because Karl's exclusive remedies were to appeal through the IRLJs or to file a motion to vacate in municipal court.[4]

III.     INJUNCTIVE RELIEF

Karl argues that the trial court erred in finding that his request for injunctive relief was moot. He argues that he never agreed his injunctive relief claim was moot and that his claim is not moot because he is seeking to prevent the City from collecting on all outstanding fines and fees. He also claims that the City should be enjoined from using private contractors to issue parking citations. We disagree.

A.     Blue Signs

An issue is moot when we cannot provide the relief that the appealing party seeks. *Dioxin/Organochlorine Ctr. v. Pollution Control Hr'gs Bd.*, 131 Wn.2d 345, 350, 932 P.2d 158 (1997).

The parties agree that the City has removed the blue parking signs. Accordingly, Karl's injunctive relief claim seeking such removal is moot.

B.     Outstanding Tickets

Karl argues that his request for injunctive relief regarding the blue signs is not moot because he seeks to enjoin the City from collecting on all outstanding fines and fees issued pursuant to the blue signs. We disagree.

---

[4] Because we conclude that a CRLJ 60(b) motion was Karl's exclusive means for relief, we need not reach the parties' alternative arguments regarding res judicata.

On summary judgment, the moving party has the initial burden to show there is no genuine issue of material fact. *Lee v. Metro Parks Tacoma*, 183 Wn. App. 961, 964, 335 P.3d 1014 (2014). A moving defendant meets this burden by showing that there is an absence of evidence to support the plaintiff's case. *Lee*, 183 Wn. App. at 964. "Once the moving party has made such a showing, the burden shifts to the nonmoving party to set forth specific facts that rebut the moving party's contentions and show a genuine issue of material fact." *Zonnebloem, LLC v. Blue Bay Holdings, LLC*, 200 Wn. App. 178, 183, 401 P.3d 468 (2017).

The City argues the record does not show that any outstanding fines and fees exist, and therefore no genuine dispute of material fact exists. Accordingly, the City met its initial burden. The burden therefore shifted to Karl to show that a genuine issue of material fact exists on this issue. Karl's bare assertions that outstanding fines and fees issued pursuant to the blue signs exist are insufficient at summary judgment. *See Seybold v. Neu*, 105 Wn. App. 666, 676, 19 P.3d 1068 (2001). There is no evidence in the record that such outstanding fines and fees do exist. Accordingly, Karl's injunctive relief claim is moot.[5]

C.      Private Contractors

Karl seeks an injunction preventing the City from contracting with Impark to enforce its parking regulations. Karl's argues the trial court erred in finding that the City's use of private contractors does not conflict with state law. Because Karl does not have standing to assert this claim, we need not address the merits of Karl's argument.

"[A] person whose only interest in a legal controversy is one shared with citizens in general has no standing to invoke the power of the courts to resolve the dispute." *Casebere v.*

---

[5] Karl argues that, in the event we conclude his claim is moot, we should still review the issue "because it raises important issues of public law." Reply Br. of Appellant at 28. However, Karl only raised this argument in his reply brief, and therefore, we refuse to consider it. RAP 10.3(c).

*Clark County Civil Serv. Comm'n*, 21 Wn. App. 73, 76, 584 P.2d 416 (1978); *see also Kirk v. Pierce County Fire Prot. Dist. No. 21*, 95 Wn.2d 769, 772, 630 P.2d 930 (1981).

Here, Karl does not have standing to seek an injunction preventing the City from using private contractors to enforce its parking regulations. Because we conclude that the trial court did not err in dismissing Karl's claim for monetary relief, we also conclude that Karl does not have any interest greater than that of the general citizenry in preventing the City from using private contractors to enforce its parking regulations. Karl will receive no tangible redress in the event his requested injunctive relief is granted. Accordingly, we affirm the dismissal of Karl's claims for injunctive relief.

IV.    DECLARATORY RELIEF: OUTSTANDING CLAIMS

We are unclear whether Karl seeks additional redress in the form of declaratory relief. To the extent Karl argues that he still maintains a declaratory relief claim, he does not have standing to bring such a claim.

A claimant must present a justiciable controversy to obtain a declaratory judgment under the Uniform Declaratory Judgment Act, chapter 7.24 RCW. *Branson v. Port of Seattle*, 152 Wn.2d 862, 877, 101 P.3d 67 (2004). The claimant must show:

> "(1) . . . an actual, present and existing dispute, or the mature seeds of one, as distinguished from a possible, dormant, hypothetical, speculative, or moot disagreement, (2) between parties having genuine and opposing interests, (3) which involves interests that must be direct and substantial, rather than potential, theoretical, abstract or academic, and (4) a judicial determination of which will be final and conclusive."

*League of Educ. Voters v. State*, 176 Wn.2d 808, 816, 295 P.3d 743 (2013) (alteration in original) (internal quotations omitted) (quoting *To-Ro Trade Shows v. Collins*, 144 Wn.2d 403, 411, 27 P.3d 1149 (2001)).

Because no monetary or injunctive relief is available to Karl, he lacks standing to assert any remaining claims for declaratory relief. Any further allegations concerning the City's blue signs or private contractors are not part of an actual controversy between parties with a genuine claim for relief.[6]

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Melnick, J.

We concur:

_____
Maxa, C.J.

_____
Sutton, J.

---

[6] Because of our resolution of the issues in this case, we need not address the City's cross-appeal on whether the trial court properly certified the class. Because there are no remaining causes of action, the trial court's ruling is moot.